MATILDA M. BUCKINGHAM v. JAMES S. BUCKINGHAM.

*Husband and wife—Homestead—Ejectment.*

1. A wife can maintain ejectment to recover from her husband the possession of land owned by her in fee, while he continues in occupation of it as a homestead, after she has separated from him, and removed from the land, and taken up her residence elsewhere, and abandoned the land as a homestead.

2. The following general propositions are summarized from the opinion of Chief Justice CHAMPLIN:

   *a*—The nature and extent of the husband's interest in a homestead of which his wife is the owner in fee has not been very accurately defined. It has been said that he has no technical estate which he can transfer to anybody else; but, as the head of a family, he has possession jointly with his wife, and has therefore the right to complain of any unlawful interference; citing *Rowe v. Kellogg,* 54 Mich. 209.

   *b*—A married woman may convey land owned by her in fee, but occupied by herself and husband as a homestead, without his joining in the instrument.

   *c*—A wife is in no sense the slave of her husband, and is so far the master of her own will that she has liberty to remain with or go from him, as she pleases; and he has no legal remedy to compel her to return.

   *d*—A homestead is an artificial estate in land, devised to protect the possession of the owner against the claims of creditors while the land is occupied as a home; but it does not protect a person in possession against the claims of the legal owner of the land.

Error to Berrien. (O'Hara, J.) Argued May 8, 1890. Decided May 16, 1890.

Ejectment. Defendant brings error. Affirmed. The facts are stated in the opinion.

*O. W. Coolidge,* for appellant, contended:

1. The fact that plaintiff left her home did not deprive the premises of their homestead character so long as the husband chose to occupy them, and he can assert such homestead right;

citing *Pardo v. Bittorf*, 48 Mich. 275; *Griffin v. Nichols*, 51 Id. 579; *Rowe v. Kellogg*, 54 Id. 206.

2. Where the homestead is owned by the wife, but the husband lives and has his residence upon it, he has a valuable and important interest in it which the courts will protect. He has a joint possessory interest with the wife; citing *Snyder v. People*, 26 Mich. 110; *Hodson v. Van Fossen*, Id. 69; *Henry v. Gregory*, 29 Id. 68; *Rowe v. Kellogg*, 54 Id. 206.

3. The wife cannot oust the husband from the occupancy of the homestead, even when the parties live separate and apart, unless the conduct of the husband is such as to justify a decree of separation or divorce; citing *Manning v. Manning*, 79 N. C. 293; and the Illinois statute, which places the property of a married woman absolutely under her control, is construed as not enabling her to forbid her husband entering upon the premises; citing *Cole v. Van Riper*, 44 Ill. 63, 64.

*Lawrence C. Fife*, for plaintiff, contended for the doctrine stated in the opinion.

CHAMPLIN, C. J. Plaintiff brought ejectment against defendant. The case was tried in the court below without a jury, and the circuit judge found the following facts:

"1. Plaintiff became the wife of the defendant in 1875, and for some years thereafter they resided in the state of Illinois.

"2. For some time prior to May 13, 1882, Edmund Glavin was the owner in fee of a piece of land in Berrien county, Mich., viz., N. E. fractional quarter of section 9, township 7 S., range 20 west, containing 71.50 acres.

"3. On May 13, 1882, Edmund Glavin and his wife conveyed said land by deed to the plaintiff herein.

"4. Plaintiff was not present when the deed was executed, and it was delivered to the defendant, who had made the negotiations for the purchase of the land. On reaching home, the deed was delivered by the defendant to the plaintiff.

"5. Plaintiff had an idea that the deed was to run to her, but was not certain of such fact until her husband had handed the deed to her.

"6. There is some contention as to whether the purchase money belonged to the husband, but, for the purpose of this suit, that fact is immaterial.

"7. Immediately upon purchasing the land the defendant com-

menced to improve the premises by setting out berries and fruit trees, and making repairs upon the house.

"8. Early in 1883 the defendant and the plaintiff removed to the land in question, and it was the intention of each at the time to make the south forty acres thereof their common homestead; the building being on the south forty acres of land purchased as aforesaid.

"9. At the time of the purchase of such land, and at the time of their removal to it, neither of the parties owned any interest in any other realty.

"10. The parties have never had any children. In 1882 or 1883, they adopted a male child, and this child and defendant's mother constituted their family.

"11. The plaintiff became dissatisfied with defendant's treatment of her, and left him on August 1, 1885, since which time she has not lived with him, nor had any communication with him.

"12. Since her departing from her husband, the latter has resided on the premises in question with his mother and adopted child and a niece, who became a member of the family shortly after Mrs. Buckingham had left. The plaintiff has resided in Chicago, Ill., since August 1, 1885.

"13. Defendant has continued to make minor improvements on the place since his wife's departure, and the value of such improvements, including those made prior to August, 1885, is something like $400.

"14. Plaintiff satisfied a mortgage on the premises in question since the purchase, and in 1883 she paid the taxes on the property.

"15. To raise money wherewith to pay the taxes in 1883, and to meet certain household expenses, she executed and delivered a mortgage on the premises in question.

"16. On November 7, 1887, plaintiff caused a written notice to quit possession to be served on the defendant, which notice has been ignored.

"17. The south forty acres of land are worth $900, and the balance of the land is worth $500.

"18. As a matter of fact, plaintiff was married to a Mr. Myers in April, 1888; but there is no legal evidence that a divorce has been decreed dissolving her first marriage.

"19. There is no pretense that defendant has a lease of the premises.

"20. Defendant has, some time since, filed a bill in chancery against the plaintiff, praying that his rights in the premises should be respected, and adequate relief afforded him."

From the foregoing facts the court found the following conclusions of law, viz.:

"1. Plaintiff is entitled to recover possession of the land in question.

"2. Whatever equitable rights the defendant may have—homestead or otherwise—can best be determined in chancery suit depending; and, under the showing made, no relief can be afforded in this action of ejectment.

"3. Let judgment be entered accordingly."

The defendant brings error.

The question to be determined is whether a wife can maintain ejectment to recover from her husband the possession of land owned by her in fee, while he continues in occupation of it as a homestead, after she has separated from him, and after she has removed from the land, and taken up her residence elsewhere, and abandoned the land as a homestead.

The nature and extent of a husband's interest in a homestead of which his wife is the owner in fee has not been very accurately defined. It has been said that he has no technical estate which he can transfer to anybody else; but, as head of a family, he has possession jointly with his wife, and has therefore a right to complain of any unlawful interference. *Rowe v. Kellogg*, 54 Mich. 209. As against creditors of the wife, he is entitled to be protected in his possession and occupancy of the homestead. The Constitution and laws, however, confer upon married women such absolute right to the disposition of their own separate property that she may convey the homestead by deed without the husband's joining in the instrument. If she may do this voluntarily, and without his consent, there would seem to be no legal principle which would prevent her from voluntarily deserting her husband, and abandoning her homestead. She is in no sense the slave of her husband, and is so far the master of her own will that she has liberty to remain with her husband, or go from him, as she pleases; and he has no legal remedy to compel her to return. A homestead is

an artificial estate in land, devised to protect the possession of the owner against the claims of creditors while the land is occupied as a home. It does not protect a person in possession against the claims of the legal owner of the land.

If the defendant in this suit had such an occupancy under his wife as to raise the relation of a tenancy at will on her abandonment of the premises, it has been duly terminated by notice to quit.

The judgment of the circuit court is affirmed.

The other Justices concurred.