WILLEY H. MILLER, APPELLANT, V. JOHN PAUSTIAN, APPELLEE.

FILED MAY 24, 1907.    No. 14,835.

Homestead: CONVEYANCE. Where a homestead has been selected by husband and wife from the separate property of the wife, the wife cannot by a conveyance of the property deprive the husband of his homestead right therein while the marriage relation exists.

APPEAL from the district court for Franklin county: ED L. ADAMS, JUDGE. *Affirmed.*

*George W. Prather,* for appellant.

*J. L. McPheely,* contra.

JACKSON, C.

John and Mary Paustian are husband and wife. They were married in December, 1900. They bought the property involved in this action, consisting of two lots in the village of Hildreth, and in March, 1901, commenced the erection of a small dwelling-house thereon. The house was completed and occupied as a family home during the following month. Their possession continued jointly for

about one and one-half years, when they were separated, and the wife has since lived apart from her husband; the husband continuing to occupy the home and is still in possession. To purchase the property and build the home the wife contributed $100 and the husband $300. The property is incumbered by a mortgage of $250. The title to the real estate was taken in the wife's name. On March 31, 1905, the wife conveyed this property by deed to the plaintiff, who testified that he paid her $50 in cash and assumed the payment of the mortgage, although the deed is quitclaim in form and no reference is had to the incumbrance. The plaintiff instituted this action in ejectment against John Paustian for the possession of the premises. The judgment was for the defendant, and the plaintiff appeals.

He claims the property was the separate property of Mary Paustian, and that her deed conveyed an absolute title, free from any claim of the husband. The judgment of the district court was the only one that could be rendered. under the facts. While the title to the real estate was taken in the name of the wife, yet a large portion of its value is due to the contribution of the husband. There can be no doubt that this contribution was with the express purpose and intention that the property should be occupied as a homestead. While the consent of the wife is necessary to the selection of a homestead from her separate property, it does not follow that such consent must be in express terms. It may be inferred from facts and circumstances from which a reasonable inference of consent may be deduced, or facts and circumstances may be shown which would estop the wife from asserting that consent was not given. The case of *Klamp v. Klamp,* 58 Neb. 748, is cited by the plaintiff as authority for his contention. The real question involved in that case was whether, after decree of divorce, the husband was entitled to possession of the separate property of the wife, occupied as a homestead while the marriage relation subsisted, and that case should not be taken as au-

thority beyond the determination of the question involved. It is true that a married woman in this state may convey her separate property in the same manner as if she were single, but property which comes to the wife by the gift of the husband, with the purpose that it shall be held for their joint use and benefit, is not the separate property of the wife within the meaning of the law.

It is recommended that the judgment of the district court be affirmed.

AMES, C., concurs.

CALKINS, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.