Williams v. Williams.

---

GERTIE J. WILLIAMS, APPELLEE, V. ELLIS E. WILLIAMS, APPELLANT.

FILED JULY 15, 1921. No. 21533.

1. **Homestead:** SUFFICIENCY OF PLEA. A pleading sufficiently sets forth the selection of the homestead from the wife's separate property, with her consent, where it is alleged therein that after their marriage the parties entered upon the tract in question pursuant to a prior agreement to make it their permanent home and joint homestead, that improvements were constructed sufficient for that purpose, and that it continued for several years to be the family residence.

2. **Husband and Wife:** HOMESTEAD: EJECTMENT. Where the homestead has been selected, with the wife's consent, from her separate property, she cannot withdraw from the homestead and maintain ejectment against her husband, who remains in occupancy thereof, so long as the marital relation continues.

APPEAL from the district court for Morrill county:

RALPH W. HOBART, JUDGE.  *Reversed and dismissed.*

*Fawcett & Mockett* and *C. G. Perry,* for appellant.

*Williams, Hurd & Neighbors, contra.*

DORSEY, C.

Gertie J. Williams, the appellee, brought ejectment against her husband, the appellant, to recover possession of a quarter-section of land in Morrill county. Her petition contained simply the formal allegations that she had a legal interest in, and was entitled to the possession of, the land, and that since January, 1916, the appellant had deprived her of the possession thereof.

The appellant's answer, in addition to a general denial, set forth that the parties were married in 1911; that before the marriage the appellee had made entry and established her residence, in a small frame shack, upon the land under the government homestead laws; that they were married during a "leave of absence" which she had obtained, and it was agreed that immediately after the marriage they should return to and live upon her homestead, that the same should be their joint homestead, and that the appellant should break out, seed and cultivate the land and construct such improvements thereon as would make it a permanent and habitable home; that as soon as they were married they did move upon the land, which the appellant improved as he had promised, at his own expense and bestowing his own labor thereupon, making it a suitable and comfortable home; that he and his wife and the two children born to them lived there, in harmony, until January, 1916, when without just cause she left the state and has never since returned, although the appellant desired and repeatedly requested her so to do; that by reason of the foregoing he acquired a legal estate in the land of which the appellee could not deprive him, that she was not entitled to separate possession and could not maintain the action.

In her reply the appellee admitted the marriage, and

Williams v. Williams.

that she had made entry and established her residence upon the land as alleged, but denied all other averments of the answer. For further reply she alleged that she had been compelled to leave because of his cruelty; that the appellant told her to get out if she did not like it, and since her departure told her not to come back; that it was for those reasons that she remained away from her home, and that it was impossible for them to live together.

The case coming on for trial, the appellant's motion for judgment upon the pleadings was overruled, and the trial court sustained the objection interposed by counsel for the appellee to the introduction of any testimony on the part of the appellant for the reason that his answer did not constitute a defense. Judgment was then entered in favor of the appellee for the possession of the premises, and this appeal resulted.

The point upon which the case turned in the court below being, in effect, a demurrer to the answer, the issue here is whether or not the facts set forth therein would, if proved, support the husband's right to remain in possession of the wife's separate property when she is living apart from him and demands that he be ousted. The appellant's contention is that there was a selection of the land in question as the family homestead under section 3077, Rev. St. 1913, providing that the homestead may be selected from the separate property of the husband, or, with the consent of the wife, from her separate property; that the husband acquired a vested right of homestead therein not subject to be defeated by the wife's voluntary removal from the family residence. We shall first inquire whether or not the appellant's answer sufficiently sets forth a selection of the land in controversy, with the appellee's consent, as the homestead, and second, whether, if the allegations of the answer are sufficient in that respect, the wife may terminate the husband's homestead right and dispossess him, in case she withdraws from the family domicile of her own volition.

As to the sufficiency of the pleading, it was averred in the answer, in substance, that the parties entered upon the land after their marriage in pursuance of a prior agreement to make it their permanent home and joint homestead; that improvements were constructed sufficient for that purpose, and that it continued to be the family residence for four years. These allegations, we think, are sufficient to set out a selection of the homestead from the wife's separate property with her consent, in view of the rule that such consent may be presumed from the occupancy of the premises as a family home. *Hobson v. Huxtable,* 79 Neb. 334.

Assuming that the wife's consent to the selection of the homestead was properly pleaded, there remains the question whether, if she concludes to depart from the home for whatever reason, she may put an end to the homestead character of the premises so as to entitle her to regain exclusive possession thereof by means of an action of ejectment against her husband, on the theory that he is wrongfully withholding her separate property. Counsel for the appellee cite the following from *Cook v. Cook,* 125 Ala. 583: "Nor is it of consequence that the land of which recovery is sought was at one time occupied by the husband and wife with their children as a homestead, nor that the husband and children still reside thereon, nor that the defendant at the time of the trial is willing and all along has been for the wife to return to this homestead and occupy it jointly with him. He has no right to compel her to let him into joint possession or occupation of any of her land, nor any right to exclude her from the possession and occupation altogether, unless she assents to joint possession and occupation with him. There is no law to compel a wife to live with her husband on her land or on his. There is no legal prohibition upon her separating from him and living apart. And having separated from him and left her home in his possession, she is entitled to recover it from him as if he were a stranger. To hold otherwise would be to give the husband rights

and estates in the wife's lands which our statutes not only do not provide for, but expressly provide against."

Other cases cited in support of the same reasoning are *Buckingham v. Buckingham,* 81 Mich. 89; *Crater v. Crater,* 118 Ind. 521. To these may be added *McDuff v. McDuff,* 187 Pac. (Cal. App.) 37. It seems, however, that the conclusion of the Michigan supreme court in *Buckingham v. Buckingham, supra,* is founded, in part, upon the fact that, under the laws of that state, married women are given "such absolute right to disposition of their own separate property that she may convey the homestead by deed without the husband's joining in the instrument;" that therefore the wife may abandon her husband and sue him in ejectment. In Nebraska, on the other hand, it is expressly provided by statute that the homestead cannot be conveyed or incumbered unless by an instrument signed and acknowledged by both spouses. Rev. St. 1913, sec. 3079.

The statutory provision just cited illustrates the character of the homestead right in this jurisdiction of one spouse in land selected as the homestead out of the property of the other. Once vested, it cannot be alienated otherwise than by a joint deed executed and acknowledged by both. It is an estate or interest, and not simply a right of occupancy dependent upon the whim of the spouse out of whose property it has been selected. True, the property may lose its homestead character by abandonment, but "neither spouse can abandon the homestead for the other without his or her free consent." *Weatherington v. Smith,* 77 Neb. 363. The appellee's theory is that, notwithstanding the wife's consent to the selection of her separate property as the homestead, she may at any time thereafter, by removing from the homestead and thus making it no longer the joint residence of her husband and herself, terminate its homestead character and resume the independent control over it which the statute gives to every married woman over her separate property. This, we are convinced, is inconsistent with the interpretation

heretofore placed by this court upon the homestead right of one spouse in the property of the other selected as such. "Where a homestead has been selected by husband and wife from the separate property of the wife, the wife cannot by a conveyance of the property deprive the husband of his homestead right therein while the marriage relation exists." *Miller v. Paustian,* 79 Neb. 196. That which she is not permitted to do by a conveyance, it would be illogical to hold that she could accomplish by her mere withdrawal from the family home.

It is held in *Morrill v. Skinner,* 57 Neb. 164, that the wife's right of homestead in the husband's property is not defeated, where she remains in occupancy, and the husband abandons her and lives elsewhere. In view of the general policy of our laws in recognizing the equality and reciprocal property rights of both sexes, it follows, in our opinion, that the husband's right of homestead in the wife's property must be similarly protected. Where the homestead has been selected, with the wife's consent, from her separate property, she cannot withdraw from the homestead and maintain ejectment against her husband, who remains in occupancy thereof, so long as the marital relation continues.

The pleadings disclose a controversy as to which of the parties is responsible for the wife's withdrawal from the family home, the husband asserting that it was without just cause, and the wife alleging that it was the result of his cruelty and misconduct. If that difficulty be irremediable, relief may be obtained in an appropriate action, and if a divorce should be granted to either party, the wife would immediately become entitled to the possession of her real estate. Rev. St. 1913, sec. 1579.

For the reasons stated, we recommend that the judgment be reversed and the action dismissed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is reversed

and the action dismissed, and this opinion is adopted by and made the opinion of the court.

REVERSED AND DISMISSED.