HEARST *et al. v.* PROFFIT.

(*Knoxville.*   September Term, 1905.)

1. **APPEAL IN EQUITY CASE.**   Vacates decree, and opens whole case.

An appeal in an equity cause vacates the decree of the lower court, and the case is opened for a re-examination in the appellate court on all questions legitimately arising upon the record.

Case cited and distinguished: Denton v. Woods, 86 Tenn., 40.

2. **SAME.** Same. Affirmance not rested on recitals in decree.

The supreme court will not predictae an affirmance of a decree in an equity cause merely upon recitals in the decree where the record contains no evidence to sustain such recitals.

Cases cited and approved: Nichols v. Cecil, 106 Tenn., 455; Mullins v. Aiken, 2 Heisk., 548.

3. **SUPREME COURT.** Will remand for proof and rehearing, when. Case in judgment.

Where a suit brought by bill in chancery to foreclose a trust deed made by defendant is about to be defeated because of the inadvertence of counsel in not filing a certified copy of the deed of trust, and it appears from recitals in the decree that the deed of trust was read from the register's book by consent, and complainant's counsel was not required at the time to produce a certified copy thereof, the supreme court will remand the case to the chancery court for a rehearing, with leave to both parties to introduce such testimony as they may desire.

FROM CLAIBORNE.

Appeal from Chancery Court of Claiborne County.—
HUGH G. KYLE, Chancellor.

Hearst v. Proffit.

JOHN P. DAVIS, for Proffit.

FRANK WHITE and H. Y. HUGHES, for Hearst *et al.*

MR. JUSTICE MCALISTER delivered the opinion of the Court.

There is no bill in this record, but we infer from the averments of the answer and from the recitals of the decree that the object of the bill was to foreclose a trust deed made by defendant to secure the payment of certain counsel fees. There is no proof embodied in the record, not even the trust deed itself. At the April term, 1904, the chancellor pronounced a decree in favor of J. H. Hearst, executor, for $369, in favor of W. G. Colson for $369, and in favor of R. G. McKee for $392.50, against defendant, James Proffit, and the decree further recited that defendant had executed a deed of trust on a tract of land therein described to secure the payment of said amounts. It was decreed that, unless said sums were paid within sixty days, defendant's land therein described should be sold to. satisfy said decree. Said land was accordingly sold on the 11th of October, 1904, and the report of sale was confirmed at the April term, 1905. The defendant appealed and assigned the following errors:

(1) The court erred in finding as a fact that defendant is indebted to Hearst as executor of the estate of E. Hearst, deceased, in the sum of $369, or in any other

115 Tenn.—36

sum, for the reason there is no evidence whatever in the record to support this finding.

(2)   The court erred in finding as a fact that defendant is indebted to W. G. Colson in the sum of $369, and to R. G. McKee in the sum of $392.50, for the reason there is no evidence to support the findings.

(4)   The court erred in finding as a fact that defendant executed a mortgage or trust deed upon the tract of land set out in the decree to secure said indebtedness, for the reason there is no evidence in the record to support this finding.

The decree of the chancellor contains the following recital:

"This cause came on to be heard before Hon. Hugh G. Kyle, chancellor, on the 10th day of April, 1904, upon the bill and answer, the plea filed for defendant, a deed of trust or mortgage read by consent from Trust Book T, vol. 2, of the register's office of Claiborne county, Tennessee, from all of which the court finds, adjudges, and decrees, etc."

The record reveals that when the report of sale was sought to be confirmed at the April term, 1905, counsel objected to the confirmation of the report, upon the ground that he had only recently been employed as counsel, and had not had access to the files of papers in the case. An examination of the files showed that the original bill had been lost or mislaid. The chancellor ordered that complainant supply the original bill, and probably supposing that would be done, he confirmed the

report of sale, since there were no other exceptions interposed thereto. Counsel for defendant, the present appellant, took a bill of exceptions to the action of the court, confirming the report of sale, and embodied therein the proof of the loss of the original bill and the examination of witnesses seeking to fix the responsibility for its loss. The chancellor held on this examination that defendant, Proffit, was not responsible for the loss of the original bill. In its present shape, besides the bill of exceptions just mentioned, the record only embodies the answer of the defendant, the decree of the chancellor, the report of sale and confirmation thereof, and certain minute entries showing a continuance of the case probably for two years.

The fundamental proposition advanced on behalf of the appellant is that the appeal vacated the decree of the chancellor, and that the cause is now before this court for re-examination *de novo,* and that, since the record contains no bill presenting the issues of fact, and no proof whatever as to the amount of defendant's indebtedness to the complainant, and no copy of the deed of trust executed to secure that indebtedness, that the whole case now rests upon the decree of the chancellor, and since there is no evidence to support it, it must be reversed, and complainant's bill dismissed.

On the other hand, it is the contention of the complainant that the presence of the original bill in the present record is wholly unnecessary, since the answer of the defendant, which is copied therein, expressly admits

his indebtedness to the complainant and the execution of a deed of trust to secure the same.

But it is averred in the answer by way of avoidance that the counsel whose retainer fees were secured by the deed of trust had failed to perform the professional service for which they had been employed, and in consequence thereof defendant had been constrained to employ other counsel to perform those services, and for this reason he insisted there had been a failure of consideration for which the notes and deed of trust had been executed. It should have been stated that the answer also embodied a plea of the statute of limitations of seven and ten years to the enforcement of the deed of trust.

The court of chancery appeals very properly held that the burden of proof rested on the defendant to establish by proof his plea of the statute of limitations; and, further, that the failure of consideration averred in the answer, being a matter in confession and avoidance, the burden of proving that fact also devolved upon defendant.

It further held the defendant had adduced no evidence to establish either of these defenses; but that court was of opinion that since the answer admitted the execution of the deed of trust and the indebtedness, and since the decree recited that the deed of trust had been read by consent of counsel, the admissions of the answer and the recital of the decree were sufficient to support it.

That court proceeded upon the idea that the case "hav-

ing been decided by the lower court against the defendant, the presumption of law is that it was decided correctly. It is true that in an equity case pending before the appellate court in Tennessee, the trial is largely *de novo,* but it is equally the law that the laboring oar is always upon the party appealing. If the appealing party fails to assign error, and point out specifically wherein the judgment against him is wrong, the decree of the chancellor will always be affirmed."

That court cites *Denton* v. *Woods,* 86 Tenn., 40, 5 S. W., 489, wherein it is said:

"The presumption is in favor of the correctness of the ruling and decisions of lower courts, and, under established practice in this court, unless error is affirmatively shown, an affirmance will be had."

We do not think the rule announced in that case applies here, since the appellant has by assignments of error specifically pointed out the errors in the record. The real question presented for our decision is whether an equity decree, in the absence of the original bill, and any proof whatever in support of the decree, can be affirmed upon the admissions in the answer, and the mere recitals in the decree. As already seen, the answer admitted the execution of a deed of trust, and an indebtedness to the complainant, but the amount of that indebtedness was not admitted, nor was the land covered by the deed of trust in any way described or identified in the answer. It is true the record recites that by consent the deed of trust was read from the original books of entry in the

register's office of Clairborne county, but no copy of the deed of trust was thereafter filed or embodied in the record. We cannot predicate an affirmance of this de- cree merely upon its recital, since the appeal has vaca- ted the decree and opened the cause for a re-examination on all questions legitimately arising.

In *Nichols* v. *Cecil,* 106 Tenn., 455, 61 S. W., 768, the question presented was whether a certain contract had been established by the proof in the court below. None of the evidence heard by the chancellor was preserved by the bill of exceptions. ''We hold this court cannot pre- sume there was sufficient evidence before the chancellor to warrant him in finding the contract, for the reason the record contains no evidence establishing the contract.''

In the case of *Mullins* v. *Aiken,* 2 Heisk., 548, it ap- peared that on the hearing of the cause before the chancellor certain deeds were read from the register's book. These deeds not being filed in the case, were of course not made a part of the record, and were not sent up to this court as a part of the transcript. The parties relying upon said deeds thereafter sought to have them made a part of the record. This court said:

"The parties having failed to file their papers and thereby make them a part of the record, must abide the result."

We are therefore of opinion that the court of chancery appeals was in error in affirming the decree of the chancellor, but since it appears from the decree that the deed of trust was read from the register's book by con-

Hearst v. Proffit.

sent and complainant's counsel was not required at the time to produce a certified copy; and since the case appears to be a meritorious one, and is about to be defeated through inadvertence of counsel in not filing a certified copy of the deed of trust, the court is of opinion this is a proper case to be remanded to the chancery court for a rehearing, with leave to both parties to introduce such testimony as they may desire. Complainant will pay the entire costs of the case.