182 TENNESSEE REPORTS. [144 Tenn.

State ex rel. v. Colored Tenn. Ind. School.

STATE *ex rel.* ATTORNEY GENERAL v. COLORED TENNESSEE Industrial School *et al.*

(*Nashville,* December Term 1920.)

1. **APPEAL AND ERROR.** Evidence presumed to sustain finding, when not before the court at law, but not in equity.

In a case coming from a court of law, where there is no bill of exceptions, the supreme court will presume that there was sufficient evidence to sustain the findings below; but on appeal in a chancery case the hearing is *de novo,* on the transcript of the record filed, and in the absence of any evidence, before the court to support the decree below, it cannot be sustained. (*Post, pp.* 185-187.)

Acts cited and construed: Acts 1903, ch. 35.

Cases cited and approved: Shelby County v. Bickford, 102 Tenn., 402; Hearst v. Proffit, 115 Tenn., 560.

Cases cited and distinguished: Leiberman, Loveman & O'Brien v. Bowden, 121 Tenn., 496.

2. **APPEAL AND ERROR.** Appellees' counsel should direct insertion of portion of record material to his clients.

Under Acts 1903, chapter 35, where counsel for appellees is given notice of the portion of the record which appellant desires sent up, it is his duty to direct the insertion of such portion of the record as may be material to his clients. (*Post, p.* 187.).

3. **CORPORATIONS.** Intervener held not entitled to question authority to bring suit to dissolve.

Where the attorney-general filed a bill to dissolve a corporation, and after final decree a judgment creditor filed a petition setting up his judgments, and sought payment, but for some time after his intervention raised no question as to the attorney-general's authority to bring the suit, he was precluded from questioning such authority. (*Post. p.* 187.)

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —Hon. John T. Lellyett, Chancellor.

W. C. Cherry, Special Counsel, for the State.

R. S. West, Sadler & Goodman and J. C. Napier, opposed.

Mr. Justice Green delivered the opinion of the Court.

The bill in this case was filed by the State, on the relation of the attorney-general, to dissolve the Colored Tennessee Industrial School, purporting to be a corporation, and to recover from it certain property in its possession, alleged to have been obtained from the State upon false representations. A receiver was appointed for the defendant corporation upon the filing of the bill.

The corporation and certain individual defendants answered.

According to decrees rendered in the cause, proof appears to have been heard by the chancellor. A final decree was passed dissolving the corporation, and ratifying the action of the receiver, who had taken possession of its property and turned it over to the State, or rather to various institutions of the State.

Prior to the appointment of said receiver one Bedford Taylor brought two suits against this corporation, one before a magistrate and one in the circuit court. After the receiver was appointed, Taylor applied for permis-

184          TENNESSEE REPORTS.          [144 Tenn.

State ex rel. v. Colored Tenn. Ind. School.

sion to prosecute said suits against the receiver; but such permission does not appear to have been granted him by the chancellor. Nevertheless said suits were prosecuted to judgment in the circuit court of Davidson county; no defense being made to either of them.

After obtaining these judgments against the corporation, Bedford Taylor filed a petition in the chancery court, setting up such judgments, and by decree of the chancellor they seem to have been allowed as a claim against the corporation.

Aside from the assets of the corporation taken over by the receiver and turned over to the State, there was a balance of $2,000 in the hands of the Treasurer of the State, remaining out of an appropriation of $10,000 made by the legislature for the benefit of this institution.

It appears from the record before us that litigation was had over the validity of this $10,000 appropriation, and that said appropriation was held valid by this court; but that the court directed it to be expended under the supervision of three commissioners appointed by this court.

Taylor insisted in his petition that he was entitled to have a *pro rata* payment of his indebtedness out of the assets of the corporation which the receiver took over and later passed on to the State. Taylor also claimed that he was entitled to reach this $2,000 remaining unexpended in the hands of the State Treasurer.

The chancellor held that the State was entitled to recover the assets of the corporation which the receiver found as representing the fund obtained from the State upon false pretenses and he also held that the balance of

the fund with the State Treasurer was only to be expended at the discretion of the commissioners, and was not liable to any debts of the corporation.

The decrees in the case recite, as said before, that these conclusions of the chancellor were reached upon the record before him and upon proof, including the former decree of this court appointing the commisioners to expend the State appropriation and defining their powers.

Taylor has appealed to this court, acting under the provisions of chapter 35 of the Acts of 1903. He gave notice as to what portion of the record below he desired to have sent up and this notice was duly served upon adverse parties. They paid no attention to it, and the transcript before us contains only those portions of the record designated by Taylor. In this transcript there is no proof, not even the former decree of this court upholding the State appropriation and appointing the commissioners.

In a case coming from a court of law, where there is no bill of exceptions, this court will presume there was sufficient evidence to sustain the finding of the court below. In a chancery case, however, upon appeal, the hearing in this court is *de novo* upon the transcript of the record filed. In the absence of any evidence before us to support the decree below, it cannot be sustained. *Shelby County* v. *Bickford,* 102 Tenn., 402, 52 S. W., 772; *Hearst* v. *Proffit,* 115 Tenn., 560, 91 S. W., 207; *Leiberman, Loveman & O'Brien* v. *Bowden,* 121 Tenn., 496, 119 S. W., 64.

186          TENNESSEE REPORTS.          [144 Tenn.

State ex rel. v. Colored Tenn. Ind. School.

Chapter 35 of the Acts of 1903 has been commended by this court in *Leiberman, Loveman & O'Brien* v. *Bowden, supra,* and the practice thereunder indicated as follows:

"The act of 1903 was designed to save costs to litigants and to abridge voluminous records. It establishes a practice which is to be commended and encouraged. Under this act counsel for appellant is authorized, after giving notice to adversary counsel, to designate only such portion of the record as he conceives is material to the proper presentation of the case to the appellate court. If the opposing counsel conceives the portion of the record designated insufficient, he is authorized, to direct the insertion of the remainder of the record, or such additional portion thereof as may be material to his client. If he fails to designate such additional portion of the record after receiving notice from opposing counsel, he is in no attitude to complain of the transcript thus made up in accordance with the statute. It is not necessary that his consent shall be given to a limited or abridged transcript in order to give this court jurisdiction in the case." *Leiberman, Loveman & O'Brien* v. *Bowden, supra.*

So far as we can now see, the court below would not have been justified in turning over the assets of the defendant corporation to the state to the exclusion of creditors except upon the trust fund theory. While there may have been abundant proof below to sustain this theory, it is not contained in this record. And while the chancellor may have been entirely justified, construing the decree of this court appointing these commissioners

and defining their duties with respect to the state appropriation, in holding that said fund was not available to creditors of this corporation, this former decree is not before us.

As stated in *Leiberman, Loveman & O'Brien* v. *Bowden, supra,* when an appeal is taken under chapter 35 of the Acts of 1903, it is the duty of counsel for appellee after notice to direct the insertion of such portion of the record as may be material to his clients.

Taylor insists that the suit herein was improperly brought and that the attorney-general was without authority in the matter. It is urged that such a suit must have been brought by the district attorney-general. The attorney-general relies on special authority from the legislature. This question was not raised below until some time after Taylor had intervened in the suit and sought to obtain the benefits thereof. We think his course in coming into the case in this way precluded him from questioning the propriety of the suit.

If follows, for the reasons above stated, that the decree below must be reversed. In accordance with the practice adopted in *Hearst* v. *Proffit, supra,* this case is remanded to the chancery court for a rehearing, with leave to both parties to introduce such testimony as they desire.

The commissioners, will pay the costs of this appeal, and the cost below will remain as taxed by the chancellor.

We think Taylor is not entitled to raise other questions made by him.