W. R. HARRIS & WIFE v. FOURTH & FIRST JOINT STOCK LAND BANK, et al.

Middle Section.  June 15, 1928.

No petition for Certiorari was filed.

302

Jesse Sparks, of Murfreesboro, and J. R. Smith, of Watertown, for appellant, Mrs. Ella Harris.

Walter Hancock, of Woodbury, and P. D. Maddin, of Nashville, for defendants, Bank, et al.

CROWNOVER, J. The bill was filed by W. R. Harris and wife, Mrs. Ella Harris against the Fourth and First Joint Stock Land Bank and George E. Farmer, trustee, to enjoin the foreclosure sale of two tracts of land—one of one hundred eighty-seven or two hundred twenty acres, and the other of thirteen acres, known as the "home place," and to have a deed of trust on said property to secure a $7500 loan set aside, because (1), Mrs. Harris did not acknowledge or execute the said deed of trust, and (2), because Mrs. Harris did not receive or endorse the $7500 check, the loan secured by the deed of trust.

In the meantime the complainant W. R. Harris died, intestate, leaving his widow and three minor children surviving him as his only heirs at law, and complainant Mrs. Ella Harris qualified as his administratrix. The defendants filed an answer and a cross-bill against Mrs. Ella Harris individually and as administratrix of W. R. Harris, deceased, in which it was alleged that the defendant bank made a loan of $7500 to the complainants on May 29, 1923, on the amortization plan, payable in installments of $262.50 semi-annually, until 1956 when the last payment of $218.87 will mature, secured by a deed of trust on the above-mentioned two tracts of land in Cannon county, which deed of trust was properly acknowledged and duly executed by complainants, and the balance $6928.50 proceeds of loan after paying complainant's attorney's fees for making the abstract of title and other incidental expenses, were by agreement applied in discharge of prior mortgages executed by complainants on said two tracts of land to N. F. Malloy, J. S. Powell, Woods-Brents Auto Company and the First State Bank of Woodbury, all of which were released, and the First State Bank of Woodbury then took a second mortgage on said property to secure its indebtedness not paid out of this loan.

The Fourth and First Joint Stock Bank insisted that the transaction was regular, that it paid out its money on said loan in good faith which discharged the said prior mortgage liens; that its deed

of trust provided that if complainants made default in payment of the installments, taxes or insurance, the whole should become due and payable immediately, and complainants were in default, hence, the deed of trust should be foreclosed, and at least the bank was entitled to be subrogated to the rights of the holders of the prior mortgages paid out of the proceeds of the loans, and asked under the cross-bill for a decree for the amount of the loan, that the deed of trust be foreclosed, the two tracts of land be sold in satisfaction of the loan, and that they be subrogated to the mortgage liens.

The complainant Mrs. Harris answered the cross-bill and denied liability, and asked that the deed of trust be set aside because the contract was usurious, and was not properly executed as alleged in the original bill; and that said two tracts of land were held by the complainants as tenants by the entirety, and that Mrs. Harris as survivor became the absolute owner.

Several depositions were taken and read to the Chancellor, who decreed that the complainant Mrs. Ella Harris understood the whole transaction, that the deed of trust was properly and legally executed, and that default in payment of the installments, taxes and insurance had been made. By agreement the one hundred eighty-seven-acre tract was sold for $3500 and applied on the loan, therefore the Chancellor decreed that there remained a balance of $5721.-54 for which said bank was given a decree against Mrs. Ella Harris, and which was decreed to be a lien on the thirteen-acre "home place" which the Chancellor decreed to be sold in bar of the equity of redemption, and that the proceeds be applied on the decree. He further decreed that the bank be subrogated to the liens of the prior mortgage debts paid out of the proceeds of the loan. The defendant excepted, appealed on the pauper's oath and has assigned six errors, which in substance are that the Chancellor erred in dissolving the injunction and in holding, first, that appellant Ella Harris understood the contents of the deed of trust when she signed the same; second, that appellant Ella Harris had acknowledged and properly executed the said deed of trust, and endorsed the $7500 check; third, that the bank should be subrogated to the rights of the holders of the prior mortgages that had been paid out of the proceeds of this loan.

The facts necessary to be stated are that the complainant W. R. Harris, being heavily indebted to N. F. Malloy, J. S. Powell, Woods-Brents Auto Company and the First State Bank of Woodbury, decided to apply to the defendant Land Bank for a loan of enough money to pay off his debts, and to be secured by a deed of trust on said two tracts of land. After investigation and appraisal of the property the bank agreed to lend them $7500 on the amortization plan, by installments of $262.50 payable semiannually until 1956, when the last payment of $218.87 would mature, which mort-

gage provided that in default of payment of any of the installments, taxes or insurance, the whole should become due and payable. The deed of trust was signed and executed and a check for $7500 was endorsed by complainants, and $6925.50 of the proceeds was applied on the prior mortgage debts, the balance of the proceeds of said loan being expended in the payment of complainant's attorney's fees for making the abstract of title and other incidental expenses. The complainants defaulted in payment of the installments, taxes and insurance, and after some delay and considerable correspondence, the defendant bank advertised the property for sale, when complainants filed a bill as before stated which resulted in the litigation and the decree as above stated.

There is a preliminary question that should be determined before considering the assignments of error, and that is, whether the case should be remanded for want of necessary parties in that, W. R. Harris died intestate, leaving three minor heirs. Now, should these children be made parties to this suit? The one hundred eighty-seven acre-tract elsewhere mentioned as two hundred twenty acres was purchased by complainants and deed was executed in the year 1907 to W. R. Harris and wife, Mrs. Ella Harris, and they held this tract as tenants by the entirety; but the thirteen-acre tract, known as "the home place" was purchased and the deed executed on September 30, 1918, to W. R. Harris and wife, Mrs. Ella Harris. Now, under chapter 26 of the Acts of 1913, tenancy by the entirety was abolished. See Gill v. McKinney, 140 Tenn., 549, 205 S. W., 416. Evidently that act was repealed and chapter 126 of the Acts of 1919, was enacted for the purpose of preserving tenancy by the entirety and the husband's estate by the courtesy. See Scholze v. Scholze, 2 Tenn. App. Reps., 89-91. Hence under the deed conveying "the home place" of thirteen acres, the widow did not become the owner of the absolute title as the survivor of her husband, as they were not tenants by the entirety, but his heirs inherited his interest. However, it does not necessarily follow that they should be made parties in a case of this kind, as the power of a trustee to sell land for the purpose of paying debts secured in the deed of trust is not revoked by the death of the maker of the deed of trust. See 41 C. J., 927; 3 Jones on Mortgages (8 Ed.), sec. 2029; 9 Michie's Tenn. Ency. Dig., 185; Wilburn v. Spofford, 4 Sneed, 698; Hodges v. Gill, 9 Bax., 378. We therefore hold that the Harris minor heirs were not necessary parties, as the thirteen acres is not worth as much as the balance due the Land Bank.

As will be seen there are only two questions in this law-suit, first, was the deed of trust properly executed and if not, second, should the bank be subrogated to the rights of the prior mortgages paid out of the proceeds of this loan?

After a careful examination of the record, and without extended discussion, we are of the opinion that the appellant Mrs. Ella Harris understood the contents of the deed of trust when she signed the same, and that she executed the deed of trust for the purpose of obtaining the loan, and that she endorsed the $7500 check with full knowledge of what she was doing. W. D. Preston, cashier of the First State Bank of Woodbury, who was a relative of her husband, had fully explained the situation to her and told her that she would lose all the property unless the loan was made, and we are satisfied that she fully understood what she was doing and that the acknowledgment was in accordance with the requirements of the law pertaining to acknowledgments; hence without further discussion we hold the assignments of error are not well taken and should be overruled.

The other assignment of error that the court erred in holding that the Land Bank should be subrogated to the rights of the holders of the prior mortgages paid out of the proceeds of this loan becomes immaterial, but had the deed of trust executed by complainants to secure the $7500 loan been not properly executed, then we are of the opinion that the Land Bank should be subrogated to the rights of the lienholders of the prior mortgages paid out of the proceeds of the loan. See 25 R. C. L., page 1343, sec. 26; Dixon v. Morgan, 154 Tenn., 389, 285 S. W., 558.

It results that all of the assignments of error are overruled and the decree of the Chancellor is affirmed. A decree will be entered in this court for the sum of $5721.54, with interest from July 6, 1926, together with the cost of the cause, including the cost of the appeal, all of which is decreed a lien on the thirteen-acre "home place," and the cause is remanded to the Chancery Court of Cannon county for the purpose of selling the said property and applying the proceeds to the payment of the decree and cost, under proper orders of the Chancellor. Execution may issue for the balance after applying the proceeds of the sale in satisfaction of the decree.

## OPINION ON PETITION TO REHEAR.

. This cause is before us again on a petition for a re-hearing, in which it is sought: (1) to have the cost of appeal readjudicated so as not to have same paid out of the proceeds of the sale of the thirteen acres; and (2) to have the thirteen acres sold in this court by the clerk of this court, so that the cause be not remanded to the chancery court of Cannon county; and it appearing that appellant has agreed that the foreclosure sale may be had in this court by the clerk of this court, which agreement is as follows:

"In this cause I accept notice of an application to correct the decree as to cost and waive any further notice. Said application may be made at any time.

"I hereby agree that the decree may be so modified as to authorize the sale of the property by the Court of Appeals instead of remanding the case to the chancery court at Woodbury, Tennessee for a sale in that court, on account of the fact that the Woodbury court is in session only two or three days the first of January and two or three days the first of July, and it will take about a year to sell the property and confirm the sale of that court, and I think an early sale may be advantageous to all parties.

"This is not to interfere with my right to petition for a rehearing, or to take a certiorari to the Supreme Court, if I desire to do so, but only to correct the decree of the Court of Appeals as it is at present entered. July 3, 1928."

After a re-examination of the record we are of the opinion that the first proposition is not well made, and that the petition should be denied on this proposition: (1) because it is expressly provided in the deed of trust that the cost of the foreclosure, including the court costs shall be paid out of the proceeds of the sale of the property; (2) the foreclosure of the deed of trust is sought and decreed under the cross-bill. The court costs incident to the foreclosure of the deed of trust or mortgage, when a suit is necessary, should be paid out of the proceeds of the sale of the property, especially where the mortgagor is insolvent. See 42 C. J., 329, sec. 2046; 7 R. C. L., 785-786; Gibson's Suits in Chancery, Revised Edition, sec. 593; (3) because this is an equity cause. The appeal vacated the decree, and the trial is de novo in this court (See Hearst v. Proffit, 115 Tenn., 560, 91 S. W., 207); hence the bank is still a complainant and may not foreclose in this suit except by a decree of this court, and the court costs should be paid out of the proceeds of the sale; (4) because this petition to rehear asks that the foreclosure be had in this court and that the clerk of this court advertise and sell the property; hence we are of the opinion that the cost of the appeal should be paid out of the proceeds of the sale of said property as hitherto adjudged and the petition in this respect is denied.

But the parties have asked that this court vacate the order remanding the cause to the chancery court of Cannon county for a foreclosure of the deed of trust by a sale of the property, and that the deed of trust be foreclosed in this court, and that an order be entered to this effect directing the clerk of this court to advertise and sell the property as provided by law in accordance with

the terms of the deed of trust, which is granted, and the order heretofore made in this respect is vacated. The clerk of this court is directed to advertise and sell said property as provided by the deed of trust on page 46 of the transcript of the record; but the cost of the foreclosure sale and the cost of the appeal will be paid out of the proceeds of said sale.

Faw, P. J., and DeWitt, J., concur.