ACKERMAN v. MARABLE et al.—95 S. W. (2d) 1286.

Eastern Section. December 22, 1934.

Petition for Certiorari denied by Supreme Court, July 3, 1936.

142

Miller, Miller & Martin, of Johnson City, for appellant.

Barnes & Lewis, Cox, Taylor & Epps, and Thomas P. Gore, all of Johnson City, for appellees.

PORTRUM, J.　The transcript contains two cases brought to this court upon separate appeals granted at separate times; the two cases will be disposed of separately here, and what is said in reference to the facts of one will have no bearings upon the facts of the other. The principal case will first be disposed of. The case was heard by the chancellor upon oral testimony and the decree recites that the hearing was pursuant to an agreement entered into by all counsel. The bill of exceptions recites, "This cause came on to be heard on this 24th day of March, 1933, before the Honorable S. E. Miller, Chancellor, upon a written agreement under the provisions of the statute, upon oral testimony . . ."; but the written agreement is not in the record, however, we think the recitation contained in the bill of exceptions which is vouched for by the trial judge is sufficient to establish the written agreement.

The order overruling the motion for a new trial and granting an appeal also granted to the appellant forty-five days in which

to prepare and file a bill of exceptions from a specified date, and this bill of exceptions was not prepared and presented to the trial judge within the time allowed, but was presented to him fifty-eight days after the specified date, and for this reason it is no part of the record. There are two other serious omissions which invalidate the bill of exceptions. It is stricken from the record.

Since the case was tried orally upon a written agreement under the statute, it did not lose its status as an equity case [Trice v. McGill, 158 Tenn., 394, 13 S. W. (2d), 49], and we are confronted with the question of practice where a bill of exceptions is stricken in an equity case. Prior to the passage of the Acts of 1925 codified in the Code of 1932, section 10620, it was the practice to remand a case for a new trial because the case was tried in the Appellate Court de novo and "in the absence of any evidence before us to support the decree below, it cannot be sustained." State ex rel. v. Colored Tennessee Industrial School, 144 Tenn., 182, 185, 231 S. W., 544. And in this case authorities supporting this view were cited. But since the enactment of Code, section 10620, the reasons supporting this holding no longer exist. This section of the Code requires a finding of the facts by the chancellor and the chancellor's finding of facts supports the decree below and the Appellate Court is no longer confronted with the record containing the pleadings with no evidence in the record to support them. Since the passage of this Code section, we think the practice in an equity cause now is analogous to the practice in the law court when the court is requested to and finds the facts; his findings become a part of the technical record and are open to review upon his conclusions from the facts in the absence of the bill of exceptions. Citizens' Nat. Life Insurance Co. v. Witherspoon, 127 Tenn., 363, 155 S. W., 139; Tennessee Cent. Railroad Co. v. Foster, 112 Tenn., 345, 346, 80 S. W., 585; Hinton v. Insurance Company, 110 Tenn., 113, 130, 72 S. W., 118.

The court in construing the above section of the Code in Fonville v. Gregory, 162 Tenn., 294, 302, 36 S. W. (2d), 900, 902, said:

"The regulation as to the contents of the record for the Court of Appeals insures proper practice below. The effect of the regulations is to secure a bill of exceptions in every chancery case tried on oral testimony, of which a review is sought, and a motion for new trial in every such case, not tried by consent of parties 'expressed in writing,' according to the provisions of chapter 119 of the Acts of 1917."

We interpret this to mean that as a prerequisite to a review of the facts in the Court of Appeals, it is necessary that the appellant incorporate in the record a bill of exceptions, and that this is imperative.

■ And the court more recently said in reference to this section:
"The provision for a presumption in favor of the judgment below casts the burden of carrying the preponderance of the evidence upon the appellant or plaintiff in error. If he does not carry this burden, he is not entitled to a reversal. He cannot carry his burden if the record does not include a bill of exceptions containing the evidence upon which the judgment below was rendered. In such a situation the appeal must fail and the judgment must be affirmed." Morrell et ux. v. Fire Insurance Company, 168 Tenn., 137, 76 S. W. (2d), 317, 318.

In the last case quoted it is true the court was discussing a case carried up by an appeal in the nature of a writ of error. We think the construction given the statute is as applicable in an equity case as in a law case.

In this case the assignments of error call for a review of the facts, and there is no assignment based strictly upon the technical record. And, as appears from the chancellor's finding of facts, his conclusions of law are not based solely upon the facts found, for he makes reference to the record for additional facts to support his conclusions.

The compilers of the Code of 1932 have consolidated in one section (10620) section 12 of the chapter 100, Pub. Acts of 1925, and chapter 68 of the Pub. Acts of 1927, and as a result the Code section 10620 concludes with this revised sentence: "This shall not apply to any case tried in the chancery court upon oral testimony." The sentence concluding the amendment (chapter 68, Pub. Acts of 1927, p. 215) reads: "This shall not apply to any case tried before court on oral testimony."

■ ■ Does the revised sentence as it appears in the Code exclude findings of fact in cases heard in the chancery court upon oral testimony? Prior to the enactment of the Code, such was not the law, for the proviso had reference to the amendment only and not to the original act.

"Unless a contrary intent appears, the effect of a proviso in an amendatory statute should be limited in its application to the statute in which it is found, and not extended to the original statute of which the statute containing the proviso is an amendment." Frix v. State, 148 Tenn., 478, 256 S. W., 449.

This established judicial construction was not destroyed or rendered inapplicable by the mechanical process of incorporating the original act and its amendment in one section of the Code. Miller v. Kennedy, 164 Tenn., 470, 474, 51 S. W. (2d), 1000; Memphis & Shelby County Bar Association v. Himmelstein, 165 Tenn., 102, 53 S. W. (2d), 378.

■ In case of any doubt, the presumption is that the statutes

were not changed, but only revised or compiled in the Code. Bates v. Sullivan, 3 Head, 632; Tennessee Hospital v. Fuqua, 1 Lea, 608, 611; Smith v. North Memphis Sav. Bank, 115 Tenn. (7 Cates), 12, 30, 89 S. W. 392; Padgett v. Iron Co., 97 Tenn. (13 Pickle), 690, 37 S. W., 698; Balch v. Johnson, 106 Tenn. (22 Pickle), 249, 255, 61 S. W., 289.

We are of the opinion the proviso refers only to the new matter introduced by the amending statute, and the courts are not relieved of the duty of finding facts as required by the original act.

In the principal case, the decree of the chancellor is affirmed.

Ailor and McAmis, JJ., concur.