STATE OF TENNESSEE, DEPARTMENT OF
HIGHWAYS, Petitioner, v. SAM J. THORNTON, Ezra
Thornton and the Metropolitan Government of Nashville-
Davidson County, Tennessee, Respondents.*
—415 S.W.(2d) 884.

Middle Section. February 24, 1967.

---

\* No petition to the Supreme Court for certiorari was filed in this
case, but on request, the opinion was submitted to the Presiding
Judge of the Court and a Committee and was approved for publica-
tion under rules adopted by the Court.

128

George F. McCanless, Attorney General, Howell & Fisher, Nashville, for petitioner.

M. S. Ross, Ben L. Roskin and J. William Rutherford, Nashville, for respondents.

PURYEAR, J. In this case a petition for common law writs of certiorari and supersedeas has been presented to the Court by the petitioner, State of Tennessee, by and through its Department of Highways.

This is a condemnation suit in which the State of Tennessee filed a petition against the respondents, Sam J. Thornton, Ezra Thornton, and Metropolitan Government of Nashville-Davidson County, Tennessee, on August 29, 1966, seeking to condemn certain portions of land in Davidson County, Tennessee, owned by Sam J. Thornton and Ezra Thornton specifically located at 3312 Dickerson Road, Nashville, Tennessee.

The Metropolitan Government of Nashville-Davidson County, Tennessee, was made a party defendant to the proceeding only because it had a tax lien against the property.

The petition was filed under Chapter 216 of the Public Acts of 1959, now codified as Tennessee Code Annotated, 23-1528 to 23-1541 inclusive, and at the time such petition was filed the State deposited with the Clerk of the Circuit Court the sum of $3,700.00 which it had determined to be the amount of damages to which the property owners would be entitled.

Proper process and notice were served upon the respondents and on September 2, 1966, they filed an answer stating that they did not question the right of the State to take the land described in the petition but objected to the amount determined by the State to be compensation and requested a trial by jury on this question.

On that same date the respondents, Sam J. Thornton and Ezra Thornton, filed a motion by which they moved the Court to issue a writ of inquiry and appoint a jury of view to determine the amount of compensation due them for the taking of their property.

On September 8, 1966, an order of condemnation was awarded to the State placing it in possession of the property sought to be condemned.

Also on this same date, September 8, 1966, the trial Judge entered an order nominating and appointing a jury of view, and issued a writ of inquiry to the Sheriff commanding him to summon said jury of view to appear in open Court on the 17th day of October, 1966, at 8:30 A.M. and assessing the costs of such jury of view against the State.

The pertinent part of this order is as follows:

It is ORDERED, ADJUDGED and DECREED by the Court that a jury of view be appointed and the Court does hereby nominate and appoint the following persons to act as said jury of view as provided by the eminent domain laws of the State of Tennessee:

1. Coleman Boyd

2. Charles Rhoten

3. John Nanni

4. Fred Dance

5. Jack Lee

That the Clerk issue a writ of inquiry to the Sheriff commanding him to summon said jury of view to appear in open Court on the 17th day of October, 1966, at eighty-thirty o'clock A.M. and no other or further notice thereof need be given, there to be empaneled and sworn, after which it will proceed immediately to the property sought to be condemned and examine same, hear testimony of witnesses, but not argument of counsel, and set apart by metes and bounds the land to be condemned, and will assess damages as required by law, reduce their report to writing and deliver the same to the Sheriff, who shall make his return thereof to the Court.

It is further hereby ORDERED, ADJUDGED and DECREED by the Court that the costs of this jury of view be and the same hereby are assessed against the State of Tennessee, petitioner. Petitioner respectfully excepts to the appointment of a jury of view and assessment of costs as set forth hereinabove.''

(Collective Exhibit A, page 11)

As a result of entry of the foregoing order, the State has filed in this Court its petition for writs of certiorari and supersedeas seeking to have such order superseded and reversed.

On October 25, 1966, the presiding Judge of the Middle Section of this Court issued an order staying any further proceedings under the order of the trial Court for writ of inquiry and appointment of a jury of view, pending consideration by this Court.

The respondents have not filed any answer to the petition for certiorari and supersedeas, but they have filed a motion to dismiss the petition and discharge the stay order heretofore entered, and filed a brief in support of their contentions.

On January 26, 1966, the petition was presented in open Court to all three members of this section of the Court and, at that time all aspects of the matter were orally argued before the Court.

A decision in this matter necessarily involves a consideration and construction of several of our eminent domain statutes. As stated by the Supreme Court in Baker v. Nashville Housing Authority, 219 Tenn. 201, 408 S.W.2d 651, the Supreme Court said:

"The eminent domain statutes of Tennessee have been enacted piecemeal, and they have been amended from time to time by the Legislature. Each statute must be closely studied in order to determine the legislative purpose."

Prior to 1959 the use of a jury of view was the normal procedure followed by condemning authorities, including

132

the State, in any matter where it was necessary for the question of compensation to be litigated.

However, in 1959, the General Assembly apparently recognized the need for some improvement in our condemnation procedure and in recognition of this need it enacted Chapter 216 of the Public Acts of 1959, which has been codified as Tennessee Code Annotated 23-1528 to 23-1541, having already enacted by Chapter 298, Acts of 1957, a statute which is codified as section 23-1526 providing that the State may, upon filing of petition for condemnation, deposit with the clerk of the court such amount as it should determine that the owner is entitled to be paid. This particular code section is in the following language:

"23-1526. *Payments into court at commencement of condemnation proceedings.*—Whenever the state of Tennessee, its counties or municipalities, institutes a condemnation proceeding in any court, under the provisions of chapters 14 or 15 of title 23, to acquire any property or property rights, such condemner may deposit with the clerk of such court at the time of the filing of the petition such amount as it shall determine that the owner is entitled to and the owner may, if he so desires, make written request to said clerk to pay to him, without prejudice to any of his rights, said sum so deposited with the clerk, and the clerk shall pay to said owner the sum so deposited, provided the owner agrees to refund the difference between said sum and the final award in the case if the final award be less than the sum so paid into court or that a judgment may be entered against him in said case for the difference. Such payment to the property owner or into court shall in nowise limit or fix the amount to be allowed under

subsequent proceedings in said case, and any further or additional sum that may be finally awarded in any subsequent proceedings shall bear interest from the date of the filing of the petition to (sic) the date of the taking of possession of the property or property rights condemned by the condemner, whichever shall happen last; provided, however, that no interest shall be allowed on the amount deposited with said clerk.''

Chapter 216 Public Acts of 1959 includes the following provision, which is codified as Tennessee Code Annotated, Section 23-1532:

''23-1532. *Trial when property owner does not accept deposit.*—If the owner is not satisfied with the amount assessed by the condemner, he shall, on or before the second day of the regular term of the court next, after the serving of said notice, appear, except to the amount assessed by the condemner, and thereupon a trial may be had before a petit jury as other civil actions are tried.''

A careful reading of the entire chapter (No. 216 Public Acts of 1959) shows that the appointment of a jury of view was not authorized nor even mentioned in this chapter, being the legislative act by which Tennessee Code Annotated, Sections 23-1528 to 23-1541, inclusive, were enacted.

However, in 1965, the General Assembly enacted Chapter 153 which is in the following language:

''Section 1. Be it enacted by the General Assembly of the State of Tennessee, That Section 23-1528, Tennessee Code Annotated, is amended by adding the following at the end thereof:

'Sections 23-1529 through 23-1541 shall also be deemed, unless expressly stated to the contrary, and without incorporation or reference, to be a part of every section, or legislative act, present or future, which grants the power of condemnation to counties and municipalities for county and municipal purposes respectively, and the making of compensation in the manner therein set forth shall also be so implied; provided, however, that either party, upon filing a statement to that effect within five (5) days of the service or publication of the original petition, may elect to proceed under the provisions of Sections 23-1401 et seq. or 23-1501 et seq.'

Section 2. Be it further enacted, That this Act shall take effect from and after its passage, the public welfare requiring it.''

It is the foregoing amendment to 23-1528 which respondents contend authorized the Circuit Judge to appoint a jury of view, and this amendment is the authority upon which the Judge relied in making such appointment.

Respondents cite as authority for their position the following proviso appearing in said Chapter 153, Public Acts of 1965:

''[P.]rovided, however, that either party, upon filing a statement to that effect within five (5) days of the service or publication of the original petition, may elect to proceed under the provisions of Sections 23-1401 et seq. or 23-1501 et seq.''

In our opinion, the foregoing proviso does not relate to Tennessee Code Annotated 23-1528 as it existed prior to the 1965 amendment, but it relates only to the 1965 amendment itself, which extended to counties and munici-

palities the right to use the method of condemnation authorized by Tennessee Code Annotated 23-1529 to 23-1541, inclusive, in proceedings to acquire property for county and municipal purposes, subject to the option of either party to change the procedure so as to make it conform to Tennessee Code Annotated 23-1401 et seq. or 23-1501 et seq., which earlier sections provided for a jury of view.

In Frix v. State, 148 Tenn. 478, 256 S.W. 449, the Supreme Court held that unless a contrary intent appears, the effect of a proviso in an amendatory statute should be limited in its application to the statute in which it is found, and not extended to the original statute of which the statute containing the proviso is an amendment. Ackerman v. Marable, 20 Tenn.App. 141, 95 S.W.2d 1286, and State ex rel. Cope v. Davidson County, 198 Tenn. 24, 277 S.W.2d 396, hold to the same effect.

In Ackerman v. Marable, supra, this Court held that this established judicial construction was not destroyed or rendered inapplicable by the mechanical process of incorporating the original act and its amendment in one section of the code.

This necessarily means that in a proceeding such as this, where the State is the only condemner, the proviso does not apply and, therefore, the Circuit Judge had no authority or jurisdiction to appoint a jury of view.

In their motion to dismiss the petition in this case, counsel for respondents insist that regardless of whether the trial Judge was correct or not in ordering a jury of view, such order was purely interlocutory and would, at most, only constitute an error at law which could be

corrected upon appeal in error to this Court after the case is finally determined in the trial Court.

Of course, the order was not a final one, but on the other hand it was an interlocutory order which represented the beginning of a long and costly procedure. However, we cannot agree with learned counsel for respondents that the State could adequately and effectively secure a correction of the harm which would be done by such order by waiting until final determination of the case in trial Court and then citing the action of the trial Judge as error upon appeal.

We think the order of the trial Court appointing a jury of view was beyond its jurisdiction and amounted to an illegality which is fundamental, as distinguished from an irregularity, a technical or formal error not affecting jurisdiction or power; and, although not a final order or judgment, it is, nevertheless, reviewable by the common law writ of certiorari.

We say this for the following reasons:

1. If the order should be executed, the State would be required to endure the delay and defray the expense of two trials in the lower Court instead of one, one trial before the jury of view and another before a petit jury.

2. Even after the report of a jury of view is made, it may for good cause shown, be set aside by the trial Court and another jury of view appointed under authority of Tennessee Code Annotated 23-1417.

3. The order adjudges the costs of the jury of view against the State and under the authority of Tennessee Code Annotated 23-1425 the compensation of such jurors in Davidson County could be fixed at an amount up to

$25.00 per day, which would mean an expense of $125.00 for each day the jury was required to act in considering the matter.

4. Under the authority of Shook & Fletcher Supply Co. v. City of Nashville, 47 Tenn. App. 339, 338 S.W.2d 237 and Snowden v. Shelby County, 118 Tenn. 725, 102 S.W. 90, interest on the entire award of the jury of view would accrue from date of taking, despite the fact that $3,700.00 of the State's funds would have been on deposit with the Clerk of the trial Court from the date of taking, which amount is subject to immediate withdrawal by the land owners.

For the foregoing reasons the petition for certiorari and supersedeas is sustained, the order of the trial Court appointing a jury of view is superseded and reversed and, the case remanded to the lower Court for further proceedings consistent with this opinion.

The costs of this proceeding in this Court will be paid by the respondents.

Shriver, and Humphreys, JJ., concur.