# Cook v. Cook.

### Statutory Action of Ejectment.

1. *Wife can maintain ejectment against husband.*—Under the statu-
tory provisions as they now exist, the wife can maintain an
action of ejectment against her husband for lands to "which
she holds the legal title separate and apart from her hus-
band;" and as to the maintenance of such a suit, it is of no
consequence that the premises sued for were at one time occu-
pied by the husband and wife with their children as a home-
stead, or that the husband and children still reside thereon,
or that the husband was, at the time of the trial and had
been, willing for the wife to return to the homestead and occu-
py it jointly with him.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. H. C. SPEAKE.

This was a statutory action of ejectment, brought by
the appellee, Hassie M. Cook, against the appellant,
Isaac M. Cook, to recover a certain lot in the town of
Newmarket, Madison county, Alabama, which was speci-
fically described in the complaint.   Upon issue joined
upon the plea of the general issue, the plaintiff offered
in evidence a deed bearing date August 6, 1888, which
was properly executed, and conveyed the legal title to
the premises sued for.   It was further shown that at the
time of the trial the defendant was in the actual posses-
sion of the house and lot involved in the suit and had
refused to surrender possession thereof upon demand of
plaintiff.   The evidence for the defendant showed that
at the time of the institution of the suit and for a long
time prior thereto, the plaintiff was the wife of the de-
fendant; that the house and lot sued for had been jointly
occupied by the plaintiff and the defendant with their
children as a homestead for many years before the insti-
tution of the suit; that about one year prior to the bring-
ing of the suit a difference arose between the plaintiff
and the defendant, and the plaintiff went to reside with

[Cook v. Cook.]

her sister who lived a short distance from the house formerly occupied by her, and demanded of the defendant that he should vacate the house and lot and turn over the possession of the house to her; that the defendant refused to do this, but offered no objection to the plaintiff's re-entry into the premises when she so desired and to occupy it jointly with him. It was further shown by the evidence of the defendant that the house and lot was the homestead of the family of the plaintiff and the defendant and that neither the plaintiff nor the defendant had any other homestead. This was substantially all of the evidence introduced on the trial.

The court, at the request of the plaintiff, gave the general affirmative charge in her behalf, and refused to give the general affirmative charge requested by the defendant. To each of these rulings the defendant separately excepted. There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the giving of the general affirmative charge requested by the plaintiff, and the refusal to give the general affirmative charge requested by the defendant.

JAMES H. BRANCH, for appellant, cited, *Strouse v. Leipf*, 101 Ala. 433; *Ashford v. Watkins*, 70 Ala. 156; *Hanberry v. Hanberry*, 29 Ala. 718.

TANCARD BETTS and W. F. ESSLINGER, *contra*, cited *M. & C. R. R. Co. v. Bynum*, 92 Ala. 335; *Bruce v. Bruce*, 95 Ala. 563; *Rollins v. Rollins*, 98 Ala. 79; *Larkin v. Baty*, 111 Ala. 303.

McCLELLAN, C. J.—That a wife must sue alone for the recovery of her separate property is expressly provided by statute.—Code, § 2527. That she may sue her husband for the recovery of personal property belonging to her has been expressly decided.—*Bruce v. Bruce*, 95 Ala. 563. The right to sue her husband to recover from him possession of her realty rests upon the same statutory provision and the same principles declared in the case cited as to her personalty, and can no more be denied in respect of one class of property than in respect

of the other. Nor is it of consequence that the land of which recovery is sought was at one time occupied by the husband and wife with their children as a homestead, nor that the husband and children still reside thereon, nor that the defendant at the time of trial is willing and all along has been for the wife to return to this homestead and occupy it jointly with him. He has no right to compel her to let him into joint possession or occupation of any of her land, nor any right to exclude her from the possession and occupation altogether, unless she assents to joint possession and occupation with him. There is no law to compel a wife to live with her husband on her land or on his. There is no legal prohibition upon her separating from him and living apart. And having separated from him and left her home in his possession, she is entitled to recover it from him as if he were a stranger. To hold otherwise would be to give the husband rights and estates in the wife's lands which our statutes not only do not provide for but expressly provide against. This is the view taken by the trial court. Upon it the affirmative charge was properly given for the plaintiff, and the judgment must be affirmed.

Affirmed.