Goodman v. Goodman.

LOSSIE GOODMAN *v.* ED GOODMAN.

*(Nashville.* December Term, 1912.)

1. **DIVORCE.** **Presumption that chancellor's degreee for divorce was based on sufficient evidence, if no bill of exceptions.**

   The appellate court will presume, on appeal in a divorce suit, as in other actions, that the chancellor's decree was based on proper and sufficient evidence, in the absence of a bill of exceptions. (*Post, pp.* 502, 503.)

2. **SAME.** **Parol testimony in divorce suits must be preserved by bill of exceptions.**

   Parol testimony in a divorce suit, though in chancery, must be preserved by the appellant by a bill of exceptions. (*Post, pp.* 502, 503.)

   Case cited and approved:   Phillips v. Phillips, 5 Lea, 451.

---

FROM HICKMAN.

---

Appeal from the Chancery Court of Hickman County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—J. W. STOUT, Chancellor.

JOHN A. GREER (of Linden), for complainant.

KNIGHT & BEASLEY, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This is a suit for divorce and alimony; and the record is before us on bill of complainant, the wife, and the

answer of defendant, the husband, and the decree of the chancellor adjudging (upon a bill containing sufficient allegations) that "it satisfactorily appears to the court from the proof and the entire record that the facts charged in the bill are true, and that complainant is entitled to the relief sought in her bill," and granting a divorce and alimony. The testimony was oral, the cause being heard before the chancellor. No bill of exceptions was preserved by defendant, who appealed, and was on his motion allowed time for the filing of one.

The question was made in the court of civil appeals, and is again made in this court, to the effect that an appellate court will not presume, as in the usual case of appeal, without such a bill of exceptions, that the decree of the chancellor was based on proper and sufficient evidence, for the reason that this is a divorce case, the policy of the law respecting which is not to permit of a dissolution of the marriage tie by default, on anything short of proof affirmatively showing complainant entitled to the relief sought.

The court of civil appeals was divided on the question; the minority holding the view that the welfare of society is so far involved in a divorce suit as that the appellate courts should not grant a dissolution of the bonds of matrimony on the technical record, such as was before that court. Both the majority and minority opinions state that no reported case in this State decides the question.

It is not to be doubted that, in a divorce case so heard, it is required that the parol testimony be preserved by

Goodman v. Goodman.

a bill of exceptions (*Phillips* v. *Phillips*, 5 Lea, 451);
and, of course, by the appellant.

The rule of nongrant of relief in a divorce case upon
default or *pro confesso*, or without adequate affirmative
proof, applies to trials in the lower courts, and has no
application, to the end invoked by appellant, in a case
standing as does this. The chancellor, it is to be pre-
sumed, in decreeing on the merits, gave that rule due
recognition; and an affirmance of his decree, without
ability on our part to look to proof, due to *appellee's de-
fault,* does not violate it.

Any other ruling would put on the successful com-
plainant, in the contest below, the burden of preserving
a bill of exceptions, in order to prevent a reversal on de-
fendant's appeal.

Writ of *certiorari* disallowed.