BALES *v.* BALES.

(*Knoxville,* September Term, 1944.)

Opinion filed June 30, 1945.

Houston & Houston, of Knoxville, for complainant.

Reuben H. Nichols and R. D. Johnston, Guardian *Ad Litem*, both of Knoxville, for defendants, appellants.

Mr. Justice Prewitt delivered the opinion of the Court.

This cause is here on petition for *certiorari,* and the question presented is whether the bill of exceptions was filed in time so it could be considered by the Court of Appeals.

The complainant, Elizabeth Bales, widow and administratrix of J. H. Bales, deceased sought by her bill to transfer the administration of the estate from the county court to the chancery court to set aside as fraudulent a foreclosure on certain deeds of trust upon the lands of the decedent and for other purposes. There was an answer and cross bill filed by the defendants, who are the children and grandchildren of the deceased by a former marriage, in which issue was joined on all the statements of the bill, including the statement that Mrs. Bales was the legal wife of J. H. Bales.

The chancellor heard the case as a chancery cause upon oral testimony following a stipulation and approved the bill of exceptions after the end of the term but within

the time as extended by a post term order. The chancellor entered a decree which was in all respects adverse to the defendants. Mrs. Bales filed a motion to strike the bill of exceptions because filed too late.

The cause was heard before the chancellor on October 16, 1944. On October 19, 1944, a decree was entered sustaining all the statements of the bill and holding specifically that a purported foreclosure of deeds of trust upon the real estate was fraudulent and void, and that Mrs. Bales survived the deceased as his widow and was entitled to homestead and dower out of the real estate subject to the mortgage indebtedness. The clerk and master was ordered to advertise and sell the property and to distribute the proceeds according to the decree. On October 26, 1944, the defendants filed a motion for a new trial which was overruled by a decree entered on October 31, 1944. By the same decree defendants were granted an appeal upon proper bond being filed and thirty days being allowed *within which to file a transcript of the record*.

By statute, the May term of the chancery court of Knox County ends and a new term begins on the first Monday in November of each year. On November 28, 1944, after the May term had expired, the chancellor undertook to allow defendants twenty days additional time from and after November 30, 1944, within which to perfect their appeal. However, the appeal was not perfected until after the final decree, entered December 13, 1944, confirming a sale of the property. On December 15, 1944, a decree was entered in which the defendants, Frank R. Bales and Ollie Bales Smith, excepted to the decree confirming the sale ''and to all former decrees entered in said cause.'' By the same decree they were granted an appeal to be perfected within thirty days thereafter. The

appeal bond was filed on December 15, 1944, and the purported bill of exceptions on December 20, 1944. Defendants contend that the decree of October 19, 1944, was not a final decree, and that while they prayed an appeal, which was conditionally granted by that decree, their appeal was never perfected but abandoned, and that the present appeal is from the final decree of December 13, 1944, and that the bill of exceptions was properly filed within the time allowed by that decree although it reflects the testimony heard at a former term of court.

The Court of Appeals held that the order of November 28, 1944, undertaking to extend the time twenty days to run from November 30, 1944, was void because it was entered after the expiration of the term. That Court also held that the decree of October 31, 1944, while not a final decree yet it was a final adjudication of the issues tendered by the pleadings, and to preserve the right to have reviewed the evidence introduced on the issues tried at the May term it was necessary that a bill of exceptions be filed within the term or within the time allowed by order passed during the term not to exceed sixty days from and after the current term. Code, sec. 8820. That Court also held that the time for the filing of a bill of exceptions runs from the date of the decree or other action of the trial court, which it is sought to have reversed upon appeal, and not from the rendition of a final decree passed at a succeeding term.

In *Railroad Co.* v. *Fort,* 112 Tenn. 432, 439, 80 S. W. 429, 430, this rule of practice was stated as follows:

". . . It is well-settled practice that when it is desired to preserve exceptions to the action of a trial court in relation to any matter not a part of the record, and which a bill of exceptions is necessary to bring into it, a bill of exceptions embodying such matter must be ten-

dered, authenticated by the signature of the presiding judge, and filed in the case before the adjournment of the term of court at which the action complained of occurred.

"This rule applies to proceedings had in the progress of the case, as well as to the action of the court upon trial and judgment. If the action of the court is had at a term previous to that at which the final judgment is entered the bill of exceptions must be made and filed at such previous term, and, if not then done, the exceptions are waived. The statute enacted in 1899 (Laws 1899, page 657, chap. 275), authorizing the trial judge to allow time in which to file bills of exceptions after final judgment, does not apply to wayside bills of exceptions of this character. The object of the rule is to secure an accurate record of the facts upon which the exceptions are predicated, which can only be done by requiring, the bill of exceptions to be made and authenticated while they are yet fresh and clear in the minds of. the presiding judge and the parties to the case. . . .

"All our cases upon this subject are in accord. *McGavock* v. *Puryear*, 6 Cold. 34 [46 Tenn. 34]; *Garrett* v. *Rogers*, 1 Heisk. 321 [48 Tenn. 321]; *Steele* v. *Davis*, 5 Heisk. 75 [52 Tenn. 75]; *Jones* v. *Burch*, 3 Lea 747 [71 Tenn. 747]; *Darden* v. *Williams*, 100 Tenn. 414, 45 S. W. 669; *Nance* v. *Chesney*, 101 Tenn. 466, 47 S. W. 690."

■■ If the motion for a new trial had not been acted upon at the May term, time could have been allowed at the succeeding term for the preparation and filing of a bill of exceptions. Code, Sec. 8820. So, if the chancellor had taken the cause under advisement and adjudicated the issues at a subsequent term, the bill of exceptions might have been preserved even though the evidence was heard at a former term. *Maryland Casualty*

*Co.* v. *Clark's Creek Drain. Dist.,* 4 Tenn. App. 380. However, in this cause the evidence introduced at the May term was not taken under advisement, but a decree **was pronounced** and defendants' motion for a new trial was overruled, leaving nothing for consideration and action at the subsequent term.

Since the question of the legality of the marriage between complainant and her deceased husband was a matter in the bill of exceptions, this cannot be considered. In the absence of a valid bill of exceptions, it is presumed that the chancellor's decree was based on proper and sufficient proof. *Goodman* v. *Goodman,* 127 Tenn. 501, 155 S. W. 388.

The writ is denied.