JOHNSON *v.* JOHNSON *et al.*

(*Knoxville*, September Term, 1947.)

Opinion filed November 29, 1947.

402

Jennings, O'Neil & Jarvis, of Knoxville, and Tom R. Chadwick, of Clinton, for appellant.

Walter E. Fischer, of Clinton, for appellees.

Mr. Justice Tomlinson delivered the opinion of the Court.

This is a contest between the parents for the custody of their little daughter, Edna Johnson, now about seven years of age. The parents were divorced by decree of the Circuit Court of Union County on February 20, 1945. That decree awarded the custody of the little girl to the father. Both parents subsequently married and live in different counties. The present suit was originated by the father filing on March 11, 1946 a petition for writ of *habeas corpus* in the Chancery Court of Anderson County, the respondents therein named being the mother and aunt of the little girl. The petition alleged the holding and adjudication of this divorce decree and that the little girl was being illegally withheld from the father, notwithstanding said decree. Answer or return to the petition was made by respondents and the matter finally

heard and determined by the Chancery Court of Anderson County on May 15, 1946. Between the time of the filing of the petition and this decision of the Court the parties engaged in various legal maneuvers which resulted in the delivery of the little girl first to one and then the other of the contestants, until it fairly well appears that the little girl is a victim of this contest. The holding of the Chancery Court in Anderson County was that "there is a change of status" since the rendition of the Union County Circuit Court decree awarding custody to the father and awarded custody to the mother, and ordered that the child be forthwith delivered to her and the writ dismissed. Presumably, the child is now in the actual custody of her mother, Mrs. Hellen Henry. The father, Holsey H. Johnson, has appealed and assigns errors here.

The decree of the Anderson County Chancery Court recites that the hearing was had on the pleadings, "the deposition of the witness Leoma Clowers, and the oral testimony of witnesses in open court." This decree recites that the "exhibits are, and have been identified by the court." The father filed his bill of exceptions within the required time. That bill of exceptions recites that "this was all the evidence heard in this cause." It does not contain the deposition of Leoma Clowers, and there is nothing in the record to indicate that this deposition was filed so as to make it a part of the record under the statute without the necessity of being included in the bill of exceptions. This bill of exceptions also at its close recites "here insert in full the findings of the court, including all exhibits, decrees, etc." There are no exhibits in the bill of exceptions or transcript which are identified or authenticated by the signature of the Chancellor. There is in the record a paper purporting to be a decree

of the Circuit Court of Union County adjudicating those issues between these parties. This paper recites on its face that it was filed in the *habeas corpus* proceedings, but it is not identified or authenticated as being an exhibit to the testimony of any witness, and it does not so show upon its face. By reason of the status of the above detailed condition of the bill of exceptions, the mother, Mrs. Hellen Johnson Henry, has made a motion to strike the bill of exceptions on the ground that the record affirmatively discloses that it does not contain all the evidence. We think this motion well taken and the bill of exceptions is accordingly stricken. This action is not, however, conclusive of this case for reasons hereinafter stated.

A motion for a new trial was filed on August 9, 1946, but in so far as the record discloses was never acted upon. The decree appealed from was entered on August 5, 1946. The insistence made by the appellee mother that the motion for a new trial is not properly in the transcript is not material here, since "a motion for new trial in *habeas corpus* proceeding is not necessary to review in reviewing court." *State ex rel. v. Head*, 182 Tenn. 249, 250, 185 S. W. (2d) 530.

The decree entered in the *habeas corpus* proceedings recites that "there is a change of status since the rendition of a divorce decree by the Union County Circuit Court in February, 1945 in favor of Complainant, which decree awarded custody of the child, Edna Johnson, to Holsey Johnson, the father, and complainant in that case and who is the complainant here." It must be conclusively presumed upon this appeal that this recitation in the Anderson County Chancery Court decree was based on proper and sufficient proof. It was held in *Bales v. Bales*, 182 Tenn. 600, at page 605, 188 S. W. (2d) 601, at page 603, that "in the absence of a valid

bill of exceptions, it is presumed that the Chancellor's decree was based on proper and sufficient proof." On the same point it was held in *State ex rel.* v. *Cocke*, 167 Tenn. 253, at page 256, 68 S. W. (2d) 933, 934, that the recitation of the judgment based upon oral testimony on which there was an appeal without a bill of exceptions "is conclusive of this matter and such recitation cannot be impeached." The decree in this *habeas corpus* case further recites that the father, appellant here, excepted to the action of the Court "in refusing to give full faith and credit to the said divorce decree granted by the Union County Circuit Court."

One error assigned upon this appeal is that the Chancellor erred in not holding that the Union County Circuit Court divorce decree awarding custody of this child to the father is *res adjudicata* and conclusive upon the Court in the *habeas corpus* proceedings, so as to require the Court in those proceedings to sustain the petition and order that the child be delivered to the father. If this assignment of error is well taken, then the decree of the Chancellor must be reversed, notwithstanding the absence of a bill of exceptions for the reason that the error, if any, appears in the decree which is a part of the technical record. "The process, pleadings, minute entries, verdict, and judgment are matters properly constituting a perfect record in the absence of a bill of exceptions, and can be reviewed, though there may be no bill of exceptions made, or filed, or incorporated in the transcript." *Duane & Co.* v. *Richardson*, 106 Tenn. 80, 81, 59 S. W. 135, 136. "An error appearing in the technical record is disposed of in the absence of the Bill of Exceptions." *First Nat. Bank of Coeburn* v. *Hartsell*, 14 Tenn. App. 578, 579. The findings of the Chancellor in the decree "become a part of the technical record and

are open to review upon his conclusions from the facts in the absence of the bill of exceptions." *Ackerman* v. *Marable et al.,* 20 Tenn. App. 141, at page 143, 95 S. W. (2d) 1286 at page 1288, and the opinions of this Court there cited.

By Code Section 8454 the decree granting the divorce and awarding the custody of the child remains within the control of that Court, and is subject only to such changes as that Court may thereafter decree, except in cases where the child has been taken out of the State and thereby out of the jurisdiction of that Court. This Court has held that even though the decree awarding the custody of the child is the decree of a foreign Court, nevertheless, that decree "as between the parents, . . . is *res adjudicata,* subject, as between those parties, to modification only by the court that granted the decree" so long as such child remains within the jurisdiction of that Court. *Kenner* v. *Kenner,* 139 Tenn. 211, 223, 201 S. W. 779, 782, L. R. A. 1918E, 587. This Court in *Hicks* v. *State,* 158 Tenn. 204, 12 S. W. (2d) 385, held by necessary implication that after the awarding of the custody of the child to one parent with the full knowledge of the other parent, then the forcible or surreptitious removal of this child by the other parent would amount to kidnapping. Since, according to the recitations of the decree in the *habeas corpus* case (which recitations are conclusive on this appeal), the father was awarded the custody of this little girl by the decree of the Circuit Court of Union County, it necessarily follows that the Circuit Court of Union County was the only Court having jurisdiction to make modifications or changes with reference to the custody of this child. It follows as a necessary corollary that the Chancery Court of Anderson County was without jurisdiction to make any modification or change with

reference to the custody of this child. That Chancery Court did have jurisdiction to entertain the *habeas corpus* petition because that petition alleged the Union County Circuit Court decree and illegal restraint of the child. When, however, upon the hearing, the decree of the Union County Circuit Court awarding the custody of this child to the relator was made to appear it became the duty of the Chancellor to sustain the writ and order the custody of this child restored to the relator to whom she had been awarded by the Circuit Court of Union County, and to leave the parties to their remedy by proper proceedings in that Court. No orderly or definite settlement of the custody of children of divorced parents could otherwise be had, since either parent could go into any of the Circuit, Chancery or County Courts of the state with numerous *habeas corpus* petitions seeking the custody of the child, notwithstanding previous decrees of any other court or courts of the state having jurisdiction of the matter. There would be no end to the litigation between contesting parties and the child would be the hapless victim of these various litigations.

It results that the above mentioned assignment of error must be sutained. It is to be understood that this action is without prejudice to the right of any proper party to make application in the Union County Circuit Court for such change in the custody of the minor, Edna Johnson, as may be conceived to be proper.

All costs incident to the filing of the bill of exceptions are adjudged against the appellant, Holsey H. Johnson. All other costs of this appeal and of the lower Court are adjudged against the appellees.

Reversed and remanded for such further proceedings in accordance with this opinion as may be necessary.

All concur