HALL *v.* HALL.

*(Nashville,* December Term, 1950.)

Opinion filed July 27, 1951.

GROVER MCCORMICK, of Memphis, for plaintiff in error.

W. H. FISHER, of Memphis, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The parties to this litigation are husband and wife, who, at the time of the institution of the original litigation, were not living together, but had separated. Simultaneously with the filing of this action for unlawful detainer in the General Sessions Court, the Plaintiff filed a bill in the Chancery Court for a divorce. The Judge of the General Sessions Court overruled the plea in abatement filed by the Defendant, and rendered judgment for the Plaintiff for the possession of the property involved. The Defendant appealed, and before the case was heard in the Circuit Court, the wife was denied a divorce in the Chancery Court and, therefore, when the unlawful detainer suit came on to be heard in the Circuit Court, the Defendant amended the original plea in abatement to allege the fact of the dismissal of the Chancery bill. Thereafter, the Circuit Judge entered the following final judgment, from which the appeal was taken after motion for new trial was overruled: "This cause was heard before the HONORABLE JOHN W. WILSON, Judge, upon the plea in abatement, and the amended plea in abatement filed by defendant, and the Court after argument, is of the opinion that the pleas are without merit, and the same are overruled; the cause was then heard upon the merits, upon the facts as stipulated in open court, and the court finds the issues in favor of the plaintiff, and finds

that she is entitled to the immediate possession of the property, and accordingly the judgment of the General Sessions Court is affirmed, and it is ordered, adjudged and decreed, that the plaintiff recover of defendant the possession of the property and all the costs; Execution will issue for the costs, and a writ of possession to put the plaintiff in possession of the property."

So far as the record discloses, the parties have no children. The property in controversy is the sole and separate estate of Ludie B. Sinclair Hall, who inherited it from her mother.

The questions presented by the appeal are two:—

(1) May a wife who is living separate and apart from her husband, though not divorced from him, successfully maintain an action in unlawful detainer against him for real estate which is her sole and separate estate?

(2) If so, in view of the marriage relation, is she entitled to have a writ for the exclusive possession of such property?

Neither party has seen fit to brief this case by citation and consideration of the numerous authorities from other states which have been reported and which are relevant. Plaintiff in error cites *Hull* v. *Hull Bros. Lbr. Co.,* 186 Tenn. 53, 59, 208 S. W. (2d) 338, and *Raines* v. *Mercer,* 165 Tenn. 415, 419, 55 S. W. (2d) 263, as his only legal authority for the appeal. Neither of these cases is relevant nor controlling.

From our own investigation, it appears that there is no conflict of authority on the proposition that under the authority of an Emancipation Act such as Chapter 126 of the Pub. Acts of 1919 a wife may successfully maintain an action in unlawful detainer against her husband for her separate real estate. The case of *Cook* v. *Cook,* 125 Ala. 583, 584, 27 So. 918, 82 Am. St. Rep. 264,

is directly in point, and in the course of that opinion, it was said and held: "There is no law to compel a wife to live with her husband on her land or on his. There is no legal prohibition upon her separating from him and living apart. And, having separated from him and left her home in his possession, she is entitled to recover it from him, as if he were a stranger. To hold otherwise would be to give the husband rights and estates in the wife's lands which our statutes not only do not provide for, but expressly provide against."

In accord are the cases of *Buckingham* v. *Buckingham*, 81 Mich. 89, 45 N. W. 504, and *Hamilton* v. *Village of Detroit,* 85 Minn. 83, 88 N. W. 419.

The case of *Walker* v. *Walker,* 215 Ky. 154, 284 S. W. 1042, is slightly different from the case at bar on the facts, but is the only case sighted by the Defendant in error. In that case a husband had leased a farm belonging to the wife, and after the lease contract, the husband refused to return the farm to her. In an action in unlawful detainer, she was permitted by the Court of Appeals of Kentucky to recover the farm in an action in unlawful detainer. In that case, since the relation of landlord and tenant had existed between the husband and wife by special contract, the wife had the same right as any other landlord to evict her tenant. Other cases which are in accord with *Cook* v. *Cook,* supra, and which have been decided since the annotation in 21 A. L. R. are: *McDuff* v. *McDuff,* 45 Cal. App. 53, 187 P. 37; *Wood* v. *Wood,* 83 N. Y. 575; *Wright* v. *Wright,* 54 N. Y. 437; *Goodwin* v. *Goodwin,* 172 Misc. 118, 13 N. Y. S. (2d) 894; *Edmonds* v. *Edmonds,* 139 Va. 652, 124 S. E. 415.

■■ Since we hold under the foregoing authorities, that the wife for her separate real estate, may successfully maintain an action in unlawful detainer against the

husband, it remains to consider whether by the judgment for possession, when as here, the property involved has been used as a home for the parties, her right of possession gives her the right to oust the husband and treat him as a trespasser. We think that question is one of fact to be determined in each particular case. *Kelley* v. *Kelley,* 51 R. I. 173, 153 A. 314, 74 A. L. R. 135; *Cipperly* v. *Cipperly,* 104 Misc. 434, 172 N. Y. S. 351. According to the final judgment in the present case, the Trial Judge determined that question "upon the facts as stipulated in open Court." This stipulation is not preserved nor presented with the record before us. A conclusive presumption rises, therefore, that the stipulated facts were sufficient to warrant his action. *Temple* v. *State,* 127 Tenn. 429, 431, 155 S. W. 388; *Goodman* v. *Goodman,* 127 Tenn. 501, 155 S. W. 388; *Bales* v. *Bales,* 182 Tenn. 600, 188 S. W. (2d) 601.

Judgment affirmed.

All concur.