STATE *ex rel.* BOLDEN *v.* WOODRING.

(*Nashville,* December Term, 1952.)

Opinion filed January 15, 1953.

JOHN A. CHUMBLEY, of Manchester, for plaintiff.

ROY L. MITCHELL, of Tullahoma, for defendant.

MR. JUSTICE PREWITT delivered the opinion of the court.

This is a habeas corpus proceeding instituted by Mary Alice Bolden, seeking the custody of a minor child. The defendant filed a demurrer to the petition, which was overruled by the Circuit Judge, who then allowed the defendant a discretionary appeal to this Court. The point has been raised here that an appeal will lie only in the law court from a final judgment. To meet this statement, the defendant insists that this is a proceeding equitable in its nature and that therefore such a discretionary appeal is permissible.

Section 9038 of Williams' Tennessee Code is as follows:

"9038 4889 (3157). Appeal before account or sale; on overriding demurrer; before decree as to all parties.—The chancellor or circuit judge may, in his discretion, allow an appeal from his decree in equity causes determining the principles involved and ordering an account or a sale or partition, before the account is taken or the sale or partition is made; or he may allow such appeal on overruling a demurrer; or he may allow any party to appeal from a decree

which settles his right, although the case may not be disposed of as to others."

A discretionary appeal is confined to equity causes, tried either in the Circuit or Chancery Court. *Payne* v. *Satterfield,* 114 Tenn. 58, 84 S. W. 800.

It is said in 25 Am. Juris., § 80, pp. 204-205:

"The court, in passing upon the writ in a case involving the custody of a child, deals with a matter of an equitable nature; it is not bound by any mere legal right of parent or guardian, but is to give his or her claim to the custody of the child due weight as a claim founded on human nature and generally equitable and just." *Hancock* v. *Dupree,* 100 Fla. 617, 129 So. 822; *Ex parte Bush,* 240 Mich. 376, 215 N. W. 367; *Green* v. *Campbell,* 35 W. Va. 698, 14 S. E. 212; *Bellmore* v. *McLeod,* 189 Wis. 431, 207 N. W. 699; *Re Badger,* 286 Mo. 139, 226 S. W. 936, 14 A. L. R. 286.

▇ The child in question in this cause is six years of age and the court looks to the best interests of those whose welfare require that they be in custody of one person or another and a court is in no case bound to deliver a child into the custody of any person but should, in the exercise of sound discretion after a careful consideration of the facts, leave it in such custody as the welfare of the child appears at the time to require.

▇ The demurrer also raises the question that the petitioner was divorced from Henry Bolden and the custody of the child was awarded to Henry Bolden. Such being the case, the complaint should have been made in the court and in the cause wherein the divorce was granted and the custody of the child awarded. *Coleman* v. *Coleman,* 190 Tenn. 286, 229 S. W. (2d) 341; *Johnson* v. *Johnson,* 185 Tenn. 400, 206 S. W. (2d) 400.

In *Johnson* v. *Johnson,* supra, this court said, 185 Tenn. at page 403, 206 S. W. (2d) at page 403:

"By Code Section 8454 the decree granting the divorce and awarding the custody of the child remains within the control of that Court, and is subject only to such changes as that Court may thereafter decree, except in cases where the child has been taken out of the State and thereby out of the jurisdiction of that Court. This Court has held that even though the decree awarding the custody of the child is the decree of a foreign Court, nevertheless, that decree 'as between the parents, * * * is res adjudicata, subject, as between those parties, to modification only by the court that granted the decree' so long as such child remains within the jurisdiction of that Court. *Kenner* v. *Kenner,* 139 Tenn. 211, 223, 201 S. W. 779, 782, L. R. A. 1918E, 587."

For the above reasons, the judgment of the lower court must be reversed and the petition dismissed. The motion to disallow the fees of the clerk in the lower court is denied.