ARTHUR ROGER IVEY

*v.*

STATE OF TENNESSEE.

(*Nashville,* December Term, 1959.)

Opinion filed October 7, 1960.

HENRY, McCORD & FORRESTER, Tullahoma, for plaintiff in error.

THOMAS E. Fox, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Ivey was granted a writ of certiorari by a member of this Court for the purpose of reviewing the action of the trial judge in ordering that Ivey was not entitled to pre-trial depositions nor was he entitled to inspect FBI reports which contained evidence which he expected the State to use in the trial of the case. Ivey was indicted for murder. Likewise accompanying and embodied in the same record is a record of Ivey's petition for *habeas corpus* to be allowed bail, which petition was denied by

the trial judge. To this denial complaint was likewise made.

All questions presented on the question of Ivey's right to pre-trial depositions and to inspections of the FBI reports are fully covered by the reasoning of this Court in *Allen v. State,* 194 Tenn. 296, 250 S.W.2d 539, and in the case of *Helton v. State,* 194 Tenn. 299, 250 S.W.2d 540. It is true that the question of pre-trial depositions or the examination of FBI reports was not the specific question involved in these two cases, but a careful reading of these cases and an analysis thereof answers the questions presented in the present appeal and in the petition for certiorari. It is needless for us to again reiterate the reasons therefor, and insofar as the questions herein presented we embody the reasoning in the opinions in the Allen and Helton cases, supra, as our opinion in the present case.

The question concerning pre-trial depositions, only, was likewise argued before this Court at its September, 1960, sitting in Nashville in the case of *McGee v. State,* 207 Tenn. 431, 340 S.W.2d 904, and is answered to the same effect as that above in a separate opinion prepared by another member of this Court to be released simultaneously with this opinion.

In the petition for *habeas corpus* wherein the petitioner sought bail pending his trial in this case, he, of course, charged in his petition that the proof of his guilt was not evident, or the presumption great, that he was guilty of this crime, and thus he prayed that he be granted a reasonable bail for his appearance to answer the indictment herein.

On the hearing of this matter the only proof sought to be offered on this question was to all intents and pur-

poses the same question that is presented by seeking pretrial depositions and an appeal therefrom before final determination of the case. In the instant case the District Attorney General was put on the stand by Ivey and a number of questions were propounded to him in which was sought an inspection of certain FBI reports which presumably had been made to the State for the State's purpose in using them as part of its prosecution against Ivey for murder. To each of these questions objection was made by the State and the objection sustained. In other words, the holding merely was that Ivey was not entitled to have these FBI reports prior to the trial because in offering them through the Attorney General, who had not made the reports and knew nothing of them except the photostatic copies or other copies in his possession, they would be the rankest hearsay. There is no factual situation developed by Ivey, nor was he refused the right to develop a factual situation wherein the trial judge could or could not pass on his right to bail. There is some reference in the record to a previous hearing on an indictment for the same murder, which had been nolled by reason of the fact that the names were misspelled and the asking that proof on this hearing be introduced herein. The proof of this hearing and this record were not introduced in the file and is not before us. This being true, and there being no evidence in the record as to the manner or nature of this murder, whether or not defendant's guilt was not evident or the presumption great, certainly the trial judge cannot be held in error in denying this petition for *habeas corpus*. Under such a situation this Court must presume that the judgment and findings of the trial court are supported by evidence and proper charges of murder on which the defendant is held.

*Hall v. Hall*, 193 Tenn. 74, 241 S.W.2d 919; *Waterhouse v. Perry*, 195 Tenn. 458, 260 S.W.2d 176. Thus it is that the judgment in the *habeas corpus* proceeding is affirmed.

The denying of the right to take pre-trial depositions and to inspect the FBI reports constitutes nothing more than a piecemeal review. Ivey was not cast in a final judgment in the trial court by the offense charged and consequently there was no final adjudication for a review in this state of the proceedings, for the reasons stated in the Allen and Helton cases, supra. All of these matters are procedural matters which address themselves to the discretion of the trial judge and his action upon any of them, either for or against the defendant, do not cast the defendant in a final judgment. In *Howe v. Superior Court of Calif., etc.*, as reported in 96 Cal.App. 769, 274 P. 992, that court held that an order requiring parties to answer questions propounded in taking depositions was not final or conclusive and that a petition for certiorari would be denied. An order for an inspection of books or papers being "an intermediate order" was held not reviewable by certiorari by the Supreme Court of Minnesota in *Asplund v. Brown*, 203 Minn. 571, 282 N.W. 473. There could be many other cases cited but this holding, which is nothing more than we held in the Allen and Helton cases, supra, is in line with the general authority in the country.

Counsel for the petitioner cite as authority for their position herein the case of *State ex rel. Sadler v. Lackey*, Okl.Cr.1957, 319 P.2d 610, 613. A careful reading of this case though shows that it is not authority for the position of the petitioner. In the Lackey case there was a ruling on a petition for a writ of prohibition and the trial judge

granted the writ and ordered the inspection under the particular facts of that case. The court though clearly recognized as the proper rule that as set forth in the Allen and Helton cases, but held under these facts that there was no abuse of discretion of the trial judge in allowing such an inspection. That court quotes from an opinion of Justice Cardozo while he was on the Court of Appeals of New York, *People ex rel. Lemon v. Supreme Court*, 245 N.Y. 24, 156 N.E. 84, 86, 52 A.L.R. 200, to this effect:

" '* * * in respect of criminal prosecutions, (the right of inspection of documents, reports, etc.) is something that can best be determined at the call of particular exigencies in the setting of the concrete instance. The courts are properly reluctant to adjure the power in advance, * *'."

All questions here sought to be ruled on by this Court prior to a final adjudication of the matter may be preserved and presented if the defendant is eventually found guilty, on an appeal. The questions then can be determined as to whether or not the denial prior to trial was error to such an extent that it affected the right of guilt or innocence of the defendant one way or the other.

The statute in reference to discovery depositions is predicated upon the presumption that it may be allowed by the trial judge. This, of course, means that it is a discretionary matter with the trial judge. What is meant by discretion?

We think it means a sound discretion, exercised, not arbitrarily or wilfully, but with regard to what is right and just under the circumstances and the law, and direct-

ed by the trial judge's reason and conscience to a just result.

Having thus exercised this discretion herein and there being nothing in this record to show that the exercising of this discretion was arbitrary, unjust or capricious, the petition for pre-trial depositions must be denied, and the motion of the State herein to dismiss the writ of certiorari and supersedeas must be sustained. The action of the trial judge on the petition for the habeas corpus is likewise affirmed and this petition dismissed.