PATRICIA ANN JOHNSON GRACE,     )
                                )
    **Plaintiff/Counter-defendant/**     )
**Appellee,**                   )
                                )    **Davidson County Circuit**
                                )    **No.  94D-2455**
**VS.**                         )
                                )    **Appeal No.**
                                )    **01A01-9611-CV-00534**
**ISAAC EVANS GRACE, JR.,**     )
                                )
    **Defendant/Counter-Plaintiff/**     )
**Appellant.**                  )

**FILED**

May 28, 1997

Cecil W. Crowson
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

### APPEAL FROM CIRCUIT COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### HONORABLE MURIEL ROBINSON, JUDGE

Kevin S. Terry, #15267
430 Third Avenue North
Suite 100
Nashville, Tennessee  37201
ATTORNEY FOR PLAINTIFF/COUNTER-DEFENDANT/APPELLEE

G. Kline Preston, IV, #17141
176 Second Avenue North
Suite 500
Nashville, Tennessee 37201
ATTORNEY FOR DEFENDANT/COUNTER-PLAINTIFF/APPELLANT

## AFFIRMED IN PART AND REMANDED.

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

SAMUEL L. LEWIS, JUDGE
WILLIAM C. KOCH, JR., JUDGE

**PATRICIA ANN JOHNSON GRACE,**   )
                             )
     **Plaintiff/Counter-defendant/**  )
     **Appellee,**                       )
                             )     **Davidson County Circuit**
                             )     **No. 94D-2455**
**VS.**                         )
                             )     **Appeal No.**
                             )     **01A01-9611-CV-00534**
**ISAAC EVANS GRACE, JR.,**      )
                             )
     **Defendant/Counter-plaintiff/**  )
     **Appellant.**                  )

# O P I N I O N

In this divorce case the husband, Isaac Evans Grace, Jr., has appealed from three provisions of the non-jury judgment in favor of the wife, Patricia Ann Johnson Grace, and presented the following issues:

> A.    Whether the Trial Court erred in its division and classification of the parties' property.

> B.    Whether the Trial Court erred in awarding the Wife rehabilitative alimony.

> C.    Whether the Trial Court erred in awarding the Wife attorneys fees.

The record on appeal contains one volume transcript which begins as follows:

> (The above-styled cause came to be heard before the Honorable Muriel J. Robinson, Judge, Circuit Court, Davidson County, Tennessee, beginning at 2:53 p.m. on October 10, 1995, when following proceedings were had, to wit:)

> THE COURT: We're going to state for the record that this cause came on to be heard on October the 10th, early in the morning at approximately -- I think about 10:00, 10:15. At the time the case initiated, plaintiff was represented by Mr. Kevin Terry, the defendant was pro se.

> The case had been continued on a prior occasion for Mr. Grace to obtain counsel. He appeared on the date of trial with no counsel, so the case proceeded and <u>there were two witnesses heard</u>. The case was recessed to enable the Court and the staff to attend the funeral of Judge James Everett. It was reconvened

at approximately 2:15, at which time the defendant who was pro se had hired counsel, which the Court allowed. And after about two thirds of the testimony of the plaintiff the Court allowed the defendant to have the record taken by the court reporter who had just gotten here. (Emphasis supplied)

So that brings us up to date. My notes are pretty good. Go ahead.

MS. PATRICIA ANN GRACE, was called as a witness on behalf of the Plaintiff and, having first been previously sworn, was examined and testified as follows:

CONTINUED DIRECT EXAMINATION BY MR. TERRY:
Q. I'm handing you a photo I thought I had handed to you earlier.

It is obvious from the foregoing that the record of the evidence heard by the Trial Judge is incomplete.

T.R.A.P. Rule 24(a)(b) and (c) requires a complete transcript or statement of the evidence unless abridged as directed in said rule.

In *Johnson v. Johnson*, 185 Tenn. 400, 206 S.W.2d 400 (1947), it was held that an incomplete bill of exceptions (transcript) was subject to being stricken.

In *Coakley v. Daniels*, Tenn. App. 1992, 840 S.W.2d 367, this Court held:

This issue is fact-based. Where the issues raised go to the evidence, there must be a transcript. In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment. *McKinney v. Educator and Executive Insurers*, Inc., 569 S.W.2d 829, 832 (Tenn. App. 1977). This rule likewise applies where there is a statement of the evidence which is incomplete. (Emphasis supplied)

# I.

## Classification of Property of the Parties

The only complaint regarding this issue is that the Trial Court found a "hot tub" to be marital property, awarded it to the wife and enjoined the husband from removing it from the premises awarded to the wife. This decision rested upon findings of fact by the Trial Judge which must be presumed correct unless the evidence preponderates otherwise. T.R.A.P. Rule 13(d). Without a complete record of the evidence or a satisfactory showing that the missing evidence does not relate to the subject of this issue, this Court is not in position to hold that the evidence preponderates against the findings of fact by the Trial Judge or the conclusions based thereon.

Moreover, the husband in his testimony disclaimed ownership of the tub. A third party testified that it did belong to her, and "I bought it for myself and I didn't have anywhere to put it ... so I put it there.".

The Trial Judge commented:

Well, it's there and I deem it a permanent fixture, so you just kind of lost out on that.

The Trial Court awarded the wife a judgment for $1,800 for the husband's removal of the "hot tub" from the wife's premises.

In view of all the foregoing it appears that the wife was the only person before the Trial Court having a claim for the removal of the tub and her claim has been satisfied by the judgment in her favor. Therefore, the issue regarding the tub is moot.

No merit is found in the first issue presented by the husband.

## II.

### Rehabilitative Alimony

The Trial Court awarded the wife rehabilitative alimony of $300.00 per month for three years.

The husband claims that he does not have sufficient income to pay the award. He is a college graduate and earns $42,000 per year. His expenses are obviously arranged to support his claims of inability. His credibility was impeached, and some of his obligations are subject to rearrangement or release by amendment of his pending Chapter 13 bankruptcy to a Chapter 7 bankruptcy.

The wife is a high school graduate and earns $19,500 per year. She has duties as a homemaker and custodian of the children of the parties.

Trial Courts have broad discretion concerning the amount and duration of spousal support. T.C.A. § 36-5-101(d); *Brown v. Brown*, Tenn. App. 1994, 913 S.W.2d 163; *Loyd v. Loyd*, Tenn. App. 1993, 860 S.W.2d 409.

Under the circumstances of the present case, the Trial Court did not exceed the bounds of its discretion.

Rehabilitative Alimony is a form of periodic alimony. Its terms are subject to modification for good cause arising after the original award. T.C.A. § 36-5-101.

No grounds of reversal is found in the husband's second issue.

## III.

### The Award of Attorney's Fees

The Trial Court awarded the wife $3,500 for payment of her obligation to her counsel. The husband does not question the amount, but insists that he is unable to pay it. He admitted assets which enable him to acquire the funds to pay this obligation.

The husband asserts that the wife has funds with which to pay her attorney, but does not support this argument by citation to the record. This Court finds nothing in the record to support a reversal or modification of attorney's fees, which are within the sound discretion of the Trial Judge. *Aaron v. Aaron*, Tenn. 1995, 909 S.W.2d 408.

## IV.

### The Lien of the Husband's Attorney

After the entry of the divorce decree, awarding the marital home to the wife, the wife discovered that the counsel for the husband had filed a lien against the marital home to secure payment of fees due him from the husband, and the wife was obliged to pay $4,500 to the husband's attorney for release of the lien. The Trial Court declined to award any relief. Upon remand, the Trial Court will consider and award a suitable amount to the wife to compensate her for this loss. The record evidences adequate assets available to the husband for payment of such an award, and the Trial Court will suitably encumber a sufficient quantity of said assets to assure payment of the award to the wife for such loss.

## V.

### Fee on Appeal

The wife requests an award to her for appellate legal expenses.  It appears that such an award is appropriate.  On remand, the Trial Court will consider and award a suitable sum for her appellate legal expenses.

Except for the failure to grant relief on account of the lien against the home, the judgment of the Trial Court is affirmed.  Costs of this appeal are taxed against the husband.  The cause is remanded to the Trial Court for further proceedings including but not limited to the consideration, award, and securing payment to the wife on damage on account of the lien of defendant's attorney and the award of  appellate, legal expenses to the wife.

## AFFIRMED IN PART AND REMANDED.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCURS:

_____
SAMUEL L. LEWIS, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE